### SHEPPARD v. STATE.
#### No. A-11953.

Criminal Court of Appeals of Oklahoma.
April 21, 1954.

Albert Ernest Sheppard, per se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Judge.

Albert Ernest Sheppard was charged by an information filed in the District Court of Seminole County with the crime of robbery with a dangerous weapon, a second and subsequent offense; was tried, convicted, and sentenced to serve 35 years in the penitentiary and has appealed.

The proof of the State showed that on November 26, 1952, the defendant went

to a service station and grocery store operated by L. W. Brown, about five miles north of Wewoka, stabbed a knife into the neck of Brown and threatened to cut off his head unless he was given the money in a money box in the store. The defendant grabbed two handfuls of money including bills and silver, and ran from the store. The defendant was apprehended at Lawton.

At the trial, evidence was introduced showing six former convictions of felonies which the defendant had sustained, which convictions were all pleaded in the information. At the trial counsel was appointed to represent accused. On appeal, no counsel appeared for the accused and no brief was filed, but the single proposition presented in the petition in error is the question as to whether the court erred in failing to strike from the information the allegations of prior convictions and further erred in admitting evidence of prior convictions.

The defendant evidently is basing his contention that the court erred in admitting evidence of prior convictions by reason of statements made by this court in Johnson v. State, 79 Okl.Cr. 71, 151 P.2d 801; Davidson v. State, 82 Okl.Cr. 402, 171 P.2d 640; and Broyles v. State, 83 Okl.Cr. 83, 173 P.2d 235, wherein it was stated that the habitual criminal statute authorizing increased punishment for subsequent conviction, 21 O.S.1951 § 51, should not be used by the prosecution in capital felonies because there can be no cumulative punishment in a capital case and the statute should not be used to prejudice an accused on trial for his life by admitting evidence of distinct offenses which tend to show the bad character of the accused.

In all of the three above cited cases, the prosecution was for murder, and it was held that proof of prior convictions was admissible in each of those cases because it was clear from the evidence that it was the duty of the court to instruct on the included offense of manslaughter in the first degree, which carried with it imprisonment in the penitentiary for any term of years not less than four. The reasoning in the above cited cases applies to murder cases where the punishment can be only life imprisonment or death, and does not apply to capital felonies such as rape or robbery with firearms which, although classified as capital felonies because the death penalty may be invoked, also carry a lessor penalty of a comparatively short term of imprisonment in the penitentiary. In robbery with a dangerous weapon, the punishment may be by imprisonment in the penitentiary for a period of time of not less than five years, or death. 21 O.S.1951 § 801.

This court in Salisbury v. State, 80 Okl.Cr. 13, 156 P.2d 149, 151, upheld an information and conviction of the accused where he was charged with the crime of robbery with firearms after a former conviction of a felony. It was there held:

"Under habitual criminal statute, 21 O.S.1941 § 51, where the subsequent conviction is for the crime of robbery with firearms, the minimum punishment which may be assessed upon conviction is any term in the State Penitentiary not less than ten years."

It is evident that the only effect of charging the crime of robbery with a dangerous weapon after a former conviction of a felony is to change the minimum punishment which may be inflicted from five years imprisonment in the penitentiary to a term of ten years imprisonment in the penitentiary. In the habitual criminal statute, 21 O.S.1951 § 51, supra, there is no exception making this statute ineffectual or inoperative as to certain crimes. The only legal basis for excluding its application to murder cases was for the reason that the statute could not be used to determine the guilt or innocence of the accused of the particular crime charged, but could only be used for enhancement of the punishment in case his guilt was established beyond a reasonable doubt, and that in a murder case where no lesser included offense of manslaughter or assault was involved, the statute should not be used to parade a long criminal record before the jury which might be so prejudicial in its effect as to bring about a conviction in a case where the evidence of guilt was slight.

We can find no substantial error in the record, and the judgment and sentence of the District Court of Seminole County is affirmed.

POWELL, P. J., and BRETT, J., concur.