**In the Matter of the Habeas Corpus of George S. BOW, Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12885.**

Court of Criminal Appeals of Oklahoma.

June 1, 1960.

George S. Bow, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is a petition for a writ of habeas corpus filed by George S. Bow, Petitioner, wherein he contends that he is being unlawfully restrained of his liberty by R. R. Raines, Warden of the Oklahoma State Penitentiary.

The petitioner is being restrained as a result of a certain judgment and sentence of 99 years for the crime of armed robbery, as a second and subsequent offense; said judgment and sentence having been imposed by the District Court of Oklahoma County.

Petitioner bases his first contention for relief upon the grounds that the punishment is excessive. This is a matter for direct appeal and the Court cannot modify except upon appeal. It was said by this Court in the case of Cottrell v. McLeod, Okl.Cr., 342 P.2d 240, 245:

> "Claim that the sentence is excessive cannot be considered in a habeas corpus action."

Petitioner next contends that the Habitual Criminal Statute authorizing punishment for subsequent conviction (Title 21 O.S.A.1951 § 51) should not be used by the prosecution in capital felonies because there can be no cumulative punishment in a capital case. This question has been passed on by this Court numerous times adverse to petitioner's contention. See Salisbury v. State, 80 Okl.Cr. 13, 156 P.2d 149; Sheppard v. State, Okl.Cr., 269 P.2d 791.

Petitioner contends that he was denied a fair trial because the county attorney during the course of the trial, pointed an exhibit (a pistol) at the jury creating an

emotional stigma in the minds of the jury as to render an unfair verdict. This is a question that should have been raised at the time of trial and determined by direct appeal and relief cannot be sought by method of habeas corpus.

Petitioner states that his court-appointed attorney was incompetent and failed to properly represent him. In absence of proof to the contrary, the Court will presume that an attorney performs his duty in representing a client to the very best of his ability and such contention in absence of proof would be without merit.

The petition in the instant case is not attested and petitioner failed to attach a certified copy of the information and the judgment and sentence. This court laid down the rule in the case of In re Morgan, Okl.Cr., 309 P.2d 1089:

"In habeas corpus proceedings it is necessary for the petitioner not only to verify his petition, but attach thereto a certified copy of the information and the judgment and sentence of the lower court."

For the foregoing reasons the writ is denied.