Connie Lee CURCIE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16862.

Court of Criminal Appeals of Oklahoma.

March 8, 1972.

Rehearing Denied May 8, 1972.

Terry L. Meltzer, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Connie Lee Curcie, hereinafter referred to as defendant, and Dennis Gene England, hereinafter referred to as co-defendant England, were charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Unlawful Possession of Marijuana; her punishment was fixed at a term of not less than two (2) nor more than seven (7) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts as the same was set forth in the companion case of England v. State, Okl.Cr., 496 P.2d 382.

The first two propositions asserted are identical to the first and second propositions in *England,* supra. For the reasons set forth in *England,* supra, we are of the opinion that the propositions are without merit.

▇▇ The third proposition contends that the court erred in overruling defendant's motion for a severance. Defendant's motion for severance was timely filed and states as follows:

"Comes now the defendant, Connie Lee Curcie, and moves the Court to sever the defendants herein and to grant this defendant a separate trial on the grounds and for the reason that the co-defendant, Dennis England, has heretofore been convicted of a felony and that a joint trial would be prejudicial to this defendant."

It is the general rule that the granting of a severance is discretionary with the trial court, and that the Court of Criminal Appeals will not disturb the trial court's ruling, absent a showing that prejudice resulted therein. Ferguson and Alley v. State, Okl.Cr., 489 P.2d 523. We are of the

opinion that the trial court did not abuse its discretion in denying severance based solely on the reasons that the co-defendant England had been convicted of a felony. In State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), the New Mexico court citing 23 C.J.S. Criminal Law § 935, p. 713 held:

"The general rule is that it is insufficient ground for severance 'that other defendants have bad reputations, or have confessed to, or been convicted of, other crimes * * *'"

We thus conclude that no proper showing was made to the trial court that defendant would in fact be prejudiced by a joint trial. We, therefore, find this proposition to be without merit.

Defendant's fourth proposition is identical to the fourth proposition in *England,* supra. For the reasons stated in *England,* supra, we find this proposition to be without merit.

▇▇ The final proposition contends that the trial court committed reversible error in allowing the prosecution, over objection of the defense, to introduce testimony that this defendant had been observed in the company of persons with arrest records. Officer McDonald testified in rebuttal over the objection of the defendant, as follows:

"A. As near as I can recall the latter part of August, myself and Detective Cartner went to the residence. We were looking for a subject by the name of Adrian Moore, wanted on a Federal Fugitive warrant. We knocked on the door, Mrs. Curcie answered the door. We asked her if Adrian was there or if she had seen him. She said she hadn't seen him for quite sometime. However, we asked if we could come in and we walked into the livingroom. We had the warrant in our hand. We searched the entire house since he had been seen in the past. We found in the closet hiding a person by the name of Jimmy Boyd, who was arrested. He was wanted for a marijuana violation. In the attic we found four persons; one was John Dil-

lard, who I know very well; one was a 15 year old Juvenile male and a female.

"Q. When you say you know John Dillard. How do you know that?

"A. I have arrested him many times. Johnny Mills was there, and another subject was there. I believe it was David Miles. It was David Miles.

"Q. What has been your prior knowledge on all of these people?

"A. David Miles has been arrested by myself and my partner for drug violation, and so has John Dillard. (Tr. 71–72)

We are of the opinion this testimony was improper rebuttal in that it did not rebut the defendant's testimony except that she denied the police officers were in her home in August. We are further of the opinion that the testimony was introduced as tending to show guilt of the defendant by association. In a close case, introduction of improper prejudicial rebuttal would be grounds for reversal. The defendant testified on cross-examination without objection, that Officer McDonald had been to her house several times stating that he had warrants for people she didn't know and had never heard of. On one occasion they arrested a girl she knew for possession of marijuana several blocks from her house. On another occasion a boy in her house was arrested who had marijuana in his pocket. She testified that Angel Felming had informed her that her husband, Jay, had been a narcotic user.

■ We, therefore, conclude that the improper rebuttal concerning the arrest of known narcotics users in the defendant's residence, was not so prejudicial as to require reversal in light of the defendant's testimony on cross-examination without objection concerning her knowledge of other persons being arrested for narcotics violations and that Jay Felming, who she knew was a former narcotics user, was living at her house. We, therefore, are of the opinion that because of the introduction of the improper rebuttal testimony, justice would best be served by modifying the

judgment and sentence to a term of one (1) year imprisonment and is so modified. The judgment and sentence is so modified and affirmed.

BRETT, J., concurs.

SIMMS, J., not participating.