**Thearty HORTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–671.**

Court of Criminal Appeals of Oklahoma.

March 17, 1977.

OPINION

BLISS, Judge:

Appellant, Thearty Horton, hereinafter referred to as defendant, was charged by information in the Tulsa County District Court with the offense of Robbery by Fear, in violation of 21 O.S.1971, § 791. Defendant was tried conjointly with James Edward Jennings before a jury, was found guilty, and sentenced to serve fifteen (15) years in the Oklahoma State penitentiary pursuant to 21 O.S.1971, § 798. From said judgment and sentence defendant has perfected this timely appeal.

The facts of the case are set out in great detail in the case of co-defendant Jennings in *Jennings v. State,* Okl.Cr., 561 P.2d 986 (1977). For that reason the facts will not be set out in this opinion.

■ Defendant's first assignment of error is that the trial court erred in denying defendant's motion for severance. In *Curcie v. State,* Okl.Cr., 496 P.2d 387, 388 (1972), this Court held:

"It is the general rule that the granting of a severance is discretionary with the trial court, and that the Court of Criminal Appeals will not disturb the trial court's ruling, absent a showing that prejudice resulted therein. . . ." (Citations omitted)

We thus only examine the record to determine whether or not the failure to grant a severance by the trial court resulted in prejudice to the defendant and, therefore, was an abuse of discretion.

■ Defendant's first proposition in support of his first assignment of error is that his co-defendant's motion in limine was improperly denied, thus the co-defendant was prejudiced. Since defendant's motion for severance was denied, defendant urges that he also was prejudiced thereby. We determined in the companion case, *Jennings v. State,* supra, that this particular motion in limine was not improperly denied, therefore, defendant here could not have been prejudiced by it.

Clarke L. Randall, Appellate Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

Defendant contends that the fact that co-defendant Jennings had a prior felony record was prejudicial to him in the joint trial. This same proposition was urged upon us in *Curcie*, supra, and in that case we expressed the view that the fact that a codefendant has a bad reputation, or has confessed to or been convicted of other crimes is insufficient grounds for severance. We are not persuaded that this proposition supports defendant's assignment of error.

Defendant's second proposition in support of this assignment of error is that the volume of evidence against co-defendant Jennings was significantly greater than that against this defendant. We have examined defendant's cited authority and find it inapplicable to the instant case. We are unpersuaded that this proposition is valid. We find defendant's first assignment of error to be without merit.

■ Defendant's second assignment of error is that the trial court erred in refusing defendant's requested instructions. Defendant's instruction No. 1 was on larceny; however, the uncontroverted facts in evidence showed that fear was employed to overcome the resistance of Ruby Powell. A review of the statute, 21 O.S.1971, § 1704, and our holdings in *Marks v. State*, 69 Okl.Cr. 330, 102 P.2d 955 (1940), show that because of the fear used and the crime charged, defendant's requested instruction No. 1 was properly refused.

■ Defendant's instruction No. 2 is in substance the same as the court's instruction No. 4. We note that both court's instruction No. 4 and defendant's requested instruction No. 2 correctly state the law and neither is confusing or misleading; therefore, we hold that the court's ruling on this matter was not in error. See, *Buchanan v. State*, Okl.Cr., 512 P.2d 1382 (1973).

■ Defendant's requested instruction No. 3 told the jury that if they had a reasonable doubt as to the guilt of the defendant of robbery, but believed the evidence presented, that defendant was carrying a weapon, the jury could find the defendant guilty of the offense of carrying a concealed weapon. We are of the opinion that defendant is not entitled to an instruction on every crime allegedly committed by the defendant. The evidence of carrying a concealed weapon was not a lesser included offense of the crime charged, nor did it make up one of the essential elements of the crime of robbery by fear. If the jury had a reasonable doubt that the defendant was guilty of robbery by fear it could have acquitted the defendant of that charge. This instruction would have singled out and given undue prominence to only a part of the evidence and was properly refused. See, 75 Am.Jur.2d, Trial, § 642.

■ Defendant's requested instruction No. 4 was an instruction on larceny by trick. The undisputed evidence showed that Jennings did attempt larceny by trick, but was unsuccessful. The evidence showed that subsequently he committed acts which were not within the elements of larceny by trick, but rather of robbery; and it was the latter acts which formed the basis for the crime charged. It was not error to refuse this instruction. This assignment of error is without merit.

■ Defendant's third assignment of error is that the evidence was insufficient to support the conviction. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

For all the foregoing reasons the judgment and sentence is *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.