James Edward JENNINGS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–720.

Court of Criminal Appeals of Oklahoma.

March 17, 1977.

Pete Silva, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, James Edward Jennings, hereinafter referred to as defendant, was charged by information in the Tulsa County District Court with the offense of Robbery by Fear, in violation of 21 O.S.1971, § 791. Defendant was tried before a jury conjointly with Thearty Horton, convicted and sentenced to serve fifty (50) years' imprisonment in the Oklahoma State penitentiary pursuant to 21 O.S.1971, § 798. From said judgment and sentence defendant has perfected this timely appeal.

The evidence at trial presented by the State showed that the defendant and Thearty Horton entered the Safeway Store at Third and Utica Streets in Tulsa, Oklahoma, at approximately 8:00 p. m. on November 30, 1975. Horton went to the express checkout lane while the defendant went to the check cashing booth. According to witness Powell, defendant asked the cost of a $150.00 money order. She told him that the cost was fifty cents. He asked for one and attempted to pay fifty cents for it, rather than $150.50. The witness testified that she recovered the money order and that the defendant then handed her a pillowcase, told her that he had a gun, that he was not alone and then demanded that she fill the pillowcase with money. She handed him back the pillowcase in which she had placed approximately $400.00. As he began to leave the store, he and Horton were apprehended by the store's security guards. The guards testified that both the defendant and Horton were carrying concealed, loaded firearms.

Mrs. Adele Jackson, clerk in the express lane, testified that co-defendant Horton had entered her lane but had never been checked out. She testified that Horton allowed other customers to pass him in line. The witness further testified that she had seen Horton and the defendant talking to an assistant manager about 20 minutes earlier. Harvey Reed and Jennifer Ivey both testified that they had seen the defendant and Horton together in the store on two separate occasions earlier that same day.

The defendant testified in his own behalf. He admitted trying to trick the clerk out of the money order, but denied any attempt to rob her. He alleged that in handing her the pillowcase and asking her for money he was still trying to trick her. Defendant testified that Horton knew nothing of his intentions, and further denied telling the clerk that he had a gun and denied saying, "This is a holdup."

On cross-examination, over defendant's objection, the prosecutor questioned defendant concerning prior convictions. Defendant testified that he had been convicted in 1963, in Tennessee, on robbery charges.

■ Defendant's first assignment of error is that the trial court erred in overruling defendant's motion in limine. Defendant asked the court to restrict the State from examining the defendant regarding former convictions on the ground that said convictions were suffered when defendant was without counsel. Defendant submits that the State failed to show that the defendant did have counsel at the time of the alleged former convictions and, therefore, the motion should have been granted.

Defendant cites *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), which states the rule that if a prior conviction was suffered when the defendant was without counsel it may not be used for any purposes, including impeachment, at a subsequent trial. In *Burgett,* the records of

the prior trial did not show that the defendant was represented by counsel, therefore, creating a presumption that the defendant was denied his right to counsel. We agree with the rule in *Burgett,* but in the instant case the trial court held an in camera hearing on the motion in limine. During the hearing defendant testified that he had not been represented by counsel at the prior trial. However, the trial judge, having the records of the prior conviction before him, determined that the defendant had been represented by counsel. For these reasons this assignment of error is without merit.

Defendant's second assignment of error is that the sentence imposed was excessive. Defendant was assessed fifty (50) years' imprisonment. Title 21 O.S.1971, § 798, provides:

"Every person guilty of robbery in the first degree is punishable by imprisonment in the State penitentiary not less than ten years."

The punishment assessed is within the purview of the statute, and we have held consistently in the past and so hold here that unless the conscience of this Court is shocked, we will not interfere with the jury determination of the sentence. See, *Hall v. State,* Okl.Cr., 548 P.2d 649 (1976).

For the foregoing reasons judgment and sentence is *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.