Douglas JENNINGS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–837.

Court of Criminal Appeals of Oklahoma.

April 8, 1982.

---

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Douglas Jennings was convicted in Le-Flore County District Court Case No. CRF– 79–216 of Feloniously Pointing a Weapon. He was sentenced to three (3) years' imprisonment.

He first urges reversal on the grounds that the State failed to sustain its burden of proof by not showing that the pistol was capable of discharging a lethal projectile. With this contention we cannot agree. Title 21 O.S.1971, § 1289.16 in pertinent part provides it is unlawful for any person to willfully or without lawful cause to point a pistol, whether loaded or not, at any person. Within the same title, § 1289.3 defines "pistols" as "any firearm capable of discharging a projectile composed of any material which may reasonably be expected to be able to cause lethal injury."

Introduction into evidence of the weapon used, a .38 caliber pistol, along with the arresting officer's testimony that the gun was loaded at the time of the incident, and the appellant's testimony that he had intended to kill some dogs with the gun, were sufficient to show that the firearm came within the statutory definition of "pistols." See Dilworth v. State, 611 P.2d 256 (Okl.Cr. 1980).

The appellant next asserts that the trial court erred in not giving instructions on the offense of Reckless Conduct with a Firearm, and Carrying a Firearm While Under the Influence of Intoxicating Liquors.

The record does not reflect that the defense requested such instructions, nor did he object to the trial court's failure to give such instructions. If the defense counsel believes that additional instructions should be given, he must submit them in writing to the trial judge. If instructions are not submitted, this Court will not thereby reverse a conviction unless we are of the opinion that the appellant has been deprived of a substantial right. Wolf v. State, 375 P.2d 283 (Okl.Cr.1962).

In light of the entire record, and the instructions given, which included an instruction on the misdemeanor of Pointing a Weapon, we find that the appellant's arguments must fail.

First, it is not necessary to instruct as to an included offense when the facts do not justify it. *Smith v. State*, 544 P.2d 558 (Okl.Cr.1975). "Reckless conduct" as used in the firearms act is defined as "an act which creates a situation of unreasonable risk and probability of death or great bodily harm to another and which demonstrates a conscious disregard for the safety of another." 21 O.S.1971, § 1286. The State's evidence, if believed, showed that the appellant committed the offense of feloniously pointing a weapon. The appellant's testimony, if believed, showed that the gun had accidentally fallen from his pocket and he thereafter carried it in his hand as he walked alongside the complaining witness to avoid accidental discharge. Such evidence will not support a conviction for Reckless Conduct with a Firearm.

Further, although the facts of the case might have supported an additional charge or count on the offense of Carrying or Using Firearms While Under the Influence of Intoxicating Liquors, that offense contains elements not found within the offense charged. The elements of a lesser included offense must necessarily be included in the offense charged. *Thoreson v. State*, 69 Okl.Cr. 128, 100 P.2d 896 (1940). Instructions were therefore not warranted.

Finally, we find that contrary to the appellant's third assignment of error, the sentence imposed is not excessive. The evidence amply supports the verdict and the record is free of error which would justify modification or reversal.

The judgment and sentence is therefore AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.