**William Melvin JEFFERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–603.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1984.

and a bottle of marijuana seeds were introduced in support of that count.

2. See, 63 O.S.1981, §§ 2–401(B)(2) and (D).

Ezellmo Opio Toure, Asst. Appellate
Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, William Melvin Jefferson, was convicted in Carter County District Court, Case No. CRF–81–270, of Robbery with a Dangerous Weapon, Third Offense, and Murder in the First Degree, he was sentenced to twenty (20) years' and life imprisonment, respectively, and he appeals.

Succinctly stated, testimony was received at trial that the appellant, acting in concert with James Earl Cleaver, journeyed from Dallas, Texas, on October 20, 1981, and robbed Luke's Music Store in Ardmore, Oklahoma. Cleaver had entered the store on the pretext of desiring to purchase a .12 gauge "Coach" shotgun on a "lay away" plan. Cleaver left the establishment, having secreted two shotgun shells, and returned shortly thereafter. While Cleaver talked with Haskell E. Cox, a seventy-five (75) year old employee, the appellant entered and distracted Edward A. Luke, the seventy-two (72) year old proprietor. Mr. Luke testified that he saw Cleaver scuffling with Cox and the appellant hit him [Mr. Luke] with something on the back of the head. Appellant testified that Cleaver beat both Cox and Luke on their heads with the shotgun but that he did not hit either of the victims, although he did restrain Mr. Luke from assisting Mr. Cox when Cleaver initially attacked him.

Additionally, several witnesses testified that they observed the appellant acting suspiciously in front of the store immediately prior to the incident and also saw him leave the premises. Jefferson, who was shot in his right thigh during the attack, was captured by law enforcement personnel near Wynnewood, approximately forty-five (45) minutes after the crime, and Cleaver was found at a rest area of Interstate 35 where the appellant had left him.

### I.

In his first assignment of error, the appellant claims that the information as amended was insufficient for him to be tried for Felony-Murder, because it alleged, in alternative Count II, that the homicide occurred "while engaged in the commission of the crime of Robbery First Degree," not "Robbery with a Dangerous Weapon" as specified in 21 O.S.1981, § 701.7.

This Court has previously held that a statement of the acts constituting the offense, in ordinary concise language, and in such manner as to enable a person of common understanding to know what is intended, is all that is required by 22 O.S. 1981, § 701. The test of the sufficiency of an information is whether the defendant was in fact misled by it and whether a conviction under it would expose the defendant to the possibility of subsequently being put in jeopardy a second time for the same offense. *Campbell v. State*, 640 P.2d 1364 (Okl.Cr.1982), citing *Holloway v. State*, 602 P.2d 218 (Okl.Cr.1979).

In the instant case, the appellant and his co-defendant, Cleaver, were charged in separate amended informations with Robbery in the First Degree (21 O.S. 1981, § 801), and Murder in the First Degree (21 O.S.1981, § 701.7), said informations reading in pertinent part as follows:

[ROBBERY FIRST DEGREE]

... [S]aid robbery being accomplished by said defendants with the use of a certain firearm, to-wit: 12 gauge shotgun, and which they used to menace and threaten the said Edward A. Luke and Haskell E. Cox with harm if they resisted, and by said assault, threats menace and beating and bludgeoning, did then and there put the said Edward A. Luke and Haskell E. Cox in fear of immediate and unlawful injury to their person and overcame all their resistance, and while so intimidating them did then and there wrongfully take and obtain from them the property aforesaid.

\*      \*      \*      \*      \*      \*

[MURDER IN THE FIRST DEGREE]

... [W]hile engaged in the commission of the crime of Robbery First Degree in the manner and form as follows, to-wit: by beating and bludgeoning with a 12 gauge shotgun about the head and body and inflicting mortal wounds to the said Haskell E. Cox and from which mortal wounds the same Haskell E. Cox did languish and die on the 21st day of October, 1981.

The information complained of meets the aforementioned test; accordingly, this assignment of error is without merit.

## II.

◼ Next, in his second assignment of error, the appellant maintains that the trial court's failure to sustain his motion for change of venue was error. However, trial counsel for the appellant failed to follow the proper procedure as set forth in our statutes to apply for a change of venue. See, 22 O.S.1981, § 561. The motion was not verified by affidavit, and was' not supported by the requisite affidavits of at least three credible persons residing within the county. Thus, the motion was not properly before the trial court, and is not properly before this Court. *Stafford v. State,* 669 P.2d 285 (Okl.Cr.1983); and *Ake v. State,* 663 P.2d 1 (Okl.Cr.1983), and cases cited therein.

◼ Furthermore, as we stated in *Johnson v. State,* 556 P.2d 1285 (Okl.Cr.1976):

Even if the defense had produced the required affidavits, this Court held as early as 1916, and consistently since, that the affidavits raise a question just as any other question of fact that might be submitted to the trial judge, and unless it is clear that he has abused his discretion, or committed error in his judgment, his finding and judgment will not be disturbed by this Court.

Moreover, the record reveals that potential jurors were extensively questioned about their pretrial exposure to media accounts of the incident; those who had preconceived opinions of the appellant's guilt or innocence, or had doubts about their ability to be impartial, were dismissed for cause; and only those who indicated that they could render a verdict based on the evidence presented at trial and not from what they had heard or had read regarding the case were seated as jurors. The trial court did not abuse its discretion; this assignment of error is without merit.

## III.

◼ Additionally, the appellant argues, in his third assignment of error, that reversible error occurred when the trial court failed to quash the jury panel after a prospective juror remarked, "It seems to me that Mr. Hester [defense counsel] has attempted here to slant the jury's thinking." An in camera hearing was held immediately after the comment and the potential juror was excused for cause. To determine if the unfortunate outburst had influenced the jury, the trial court inquired of the panel as follows:

... I want to ask you one more time, are there any of the twelve of you that feel at this time that you cannot give both sides to this case a fair and impartial trial; any of you? If so, indicate. Has anything occurred during the course of this trial which would prevent you from giving both sides a fair trial?

The record fails to disclose that any of the jurors acknowledged being influenced by the remark and they were then sworn in. We do not find, under the circumstances, that individual voir dire was required as the appellant contends; nor has the appellant demonstrated that he was adversely effected by the comment. Accordingly, this assignment of error is without merit.

## IV.

◼ In his fourth assignment of error, Jefferson alleges that two (2) photographs of Cox's head, which were admitted over his objection, were prejudicial, had no probative value and deprived him of a fair trial. The photographs were not particularly gruesome and were taken after the wounds had been cleansed of blood. Appellant concedes that the admission of photographs and other evidence rests within

the sound discretion of the trial court. *Grizzle v. State*, 559 P.2d 474 (Okl.Cr. 1977). As we have stated on numerous occasions:

> The rule is that admissibility of demonstrative evidence such as photographs is a question of legal relevance for the trial court. When the probative value is not outweighed by the danger of prejudice to the defendant, the photographs are admissible. *Assadollah v. State*, 632 P.2d 1215 (Okl.Cr.1981), citing *Oxendine v. State*, 335 P.2d 940 (Okl.Cr.1958).

The photographs in the case before us corroborated the pathologist's testimony and were illustrative of the descriptions of the wounds which caused the victim's death. We hold that the trial court did not abuse its discretion in admitting the photographs; this assignment of error is without merit.

## V.

In another assignment of error, the appellant contends that improper comments by the prosecutor, at trial and during closing argument, deprived him of a fair trial. However, of the comments of which he now complains, an objection at trial was lodged to only the following question asked of a Deputy Sheriff during redirect examination, concerning the facts surrounding the giving of a statement by the appellant: "Were there any seventy year old men there? Were any of the officers seventy?"

■ As to the comments complained of in the closing argument, it has long been the general rule of law that objections must be made in a timely manner and failure to so object constitutes a waiver. *Hanna v. State*, 560 P.2d 985 (Okl.Cr. 1977). Since no objection was made at the time the alleged prejudicial statements were made, nor was any request made for an admonishment to the jury regarding them, any error has not been properly preserved for review. *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979).

■ Although the above objected to remark as well as some of the unobjected to closing comments were unnecessary and are not to be condoned, they were not so grossly improper, in light of the evidence presented, as to have affected the verdict of the jury; thus, no modification or reversal is required. *Coleman v. State*, 668 P.2d 1126 (Okl.Cr.1983), and citations therein.

## VI.

■ Appellant additionally argues that the trial court committed reversible error by failing to instruct the jury on the lesser included offense of larceny. Although the record indicates he objected to jury instructions, the appellant failed to present a requested instruction on larceny; thus, this assignment of error is not properly preserved for review. *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981).

■ Moreover, it is not necessary to instruct as to an included offense when the facts do not justify it. *Jennings v. State*, 643 P.2d 643 (Okl.Cr.1982), and cases cited therein. Furthermore, the uncontroverted evidence showed that fear was used to overcome the resistance of Cox and Luke and thus the instruction was properly not given. See, *Horton v. State*, 561 P.2d 988 (Okl.Cr.1977).

## VII.

■ In his final assignment of error, the appellant complains that his punishment is excessive because the predicate felony of Robbery with a Dangerous Weapon, for which he was sentenced to twenty (20) years' imprisonment, merged into the proof required for his conviction of Felony-Murder, and thus the sentence for the robbery should be vacated. The State, in its brief, agrees with the appellant. See, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

Accordingly, the judgment and twenty (20) year sentence for Robbery with a Dangerous Weapon is VACATED and is REMANDED to the district court with instructions to DISMISS, and the judgment and sentence for Felony-Murder is AFFIRMED.