Billy John WIMBERLY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–658.

Court of Criminal Appeals of Oklahoma.

April 1, 1985.

Mark Barrett, Appellate Public Defender, Sp. Counsel, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

Billy John Wimberly was convicted in McIntosh County District Court of three counts of Pointing a Weapon, After Former Conviction of Two or More Felonies, Larceny of An Automobile, After Former Conviction of Two or More Felonies, Attempted Rape, After Former Conviction of Two or More Felonies, and Sodomy, After Former Conviction of Two or More Felonies. He received a sentence of twenty years' imprisonment on the Larceny of An Automobile, After Conviction of Two or More Felonies charge and fifty years' imprisonment on each of the other charges, all to run concurrently.

Appellant was invited to eat supper with the victim, S.D., and her family. Her family present at her grandfather's lake cabin included her grandfather, D.F., her brother, T.D., and her cousin, M.S. S.D. was fourteen years old at the time of the incident, and the two younger boys were each twelve years old. After supper the appellant produced a pistol and through the

course of events pointed it at the grandfather and the two boys. The appellant ordered S.D. to tie her grandfather and the boys. He then took her into one of the bedrooms, ordered her to undress and attempted to rape her. When he was unable to penetrate her, he ordered her to sodomize him. All these events are alleged to have occurred while appellant flaunted the pistol before his victims. He then noticed that S.D.'s grandfather had worked himself loose from his bindings and was gone. Appellant zipped his pants and left. He was later found in a vehicle belonging to a neighbor.

Each witness who was in contact with appellant near in time to this incident testified that appellant may have been drinking alcohol, but that he did not appear drunk. His defense was that he had a drinking problem and that he was drunk on the evening of this incident. He claims that he remembered none of the events alleged to have occurred between the time he entered the cabin and ate supper and when he suddenly was conscious of standing by the bed on which S.D. was lying nude. He stated she was "smiling at me ... and I looked at her and come to ... and I turned around and ran."

Appellant claims that the three Pointing a Weapon, AFCF, charges should be dismissed because the pistol he used "wouldn't work." He testified at trial that it "wouldn't stay cocked, you try to pull the trigger the trigger would come back and it wouldn't snap." He reasons that since the gun didn't work properly, it was not capable of firing a projectile and he could not be guilty of pointing a weapon.

Appellant looks to the definition of a pistol set out in 21 O.S.1981, § 1289.3:

[A]ny firearm capable of discharging a projectile composed of any material which may reasonably be expected to be able to cause lethal injury....

We note also the statute making it an offense to point a weapon provides:

It shall be unlawful for any person to willfully or without lawful cause point a shotgun, rifle or pistol, or any deadly weapon, whether loaded or not, at any person or persons....

21 O.S.1981, § 1289.16.

The State has the burden of proving that the "Firearm" meets the statutory definition of *Jennings v. State*, 643 P.2d 643 (Okl.Cr.1982). And, in the present case that burden was met. We are of the view that the Legislature was not concerned with whether at the very moment of the offense the weapon would fire a projectile. We come to this conclusion because the offense is completed even if no projectiles were in the weapon. 21 O.S.1981, § 1289.-16, above. Rather, we feel that the words "capable of discharging a projectile" should be interpreted to mean that the firearm is designed to discharge the projectiles by the means described in 21 O.S.1981, § 1289.3. This construction promotes what we believe to be the general purpose and policy of the law. *Phelps v. State*, 598 P.2d 254 (Okl.Cr.1979).

This view is also consonant with our previous opinions. When a cap or starter pistol used to train dogs was carried during a robbery, we held in *Coleman v. State*, 506 P.2d 558 (Okl.Cr.1972), that the pistol was not designed to fire a projectile and was not a firearm as defined by our statutes. See also *Jennings v. State*, 643 P.2d 643 (Okl.Cr.1982), and *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). Appellant's assignment is without merit.

Next, appellant claims that the statute under which he was charged with pointing a weapon, 21 O.S.1981, § 1289.16, creates only one offense when a weapon is pointed at several people at the same time. He gathers this from the language of the statute noted above which provides "at any person or persons...." He claims that he could only be guilty of one count, not three different ones.

The evidence at trial indicates that appellant pointed the pistol at S.D.'s grandfather, her brother and her cousin at three distinct times. While it is true he may have also pointed at the group of people,

there is adequate evidence of separate occasions as well.

■ Protection from double jeopardy as guaranteed by the Fifth Amendment to the United States Constitution extends to subsequent prosecutions for the same offense after conviction or acquittal and from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). However, offenses committed against different individual victims are not the same for double jeopardy purposes though they arise from the same episode. *Clay v. State*, 593 P.2d 509 (Okl. Cr.1979).

■ Appellant argues that reversible error occurred when the trial court made certain comments about the jury's determination of the facts in his preliminary remarks before opening statements and evidence was presented. During his remarks he commented:

> When you determine the facts that you believe to be *more probably true than not true,* you will then determine the verdict you must render under the instruction that you will apply the law to the facts so determined.... (Emphasis added.)

We find the judge's misuse of language inconsequential. His remarks were made at the beginning of a three day trial and the judge also told the jury that they would receive written instructions of applicable law when the case was submitted to them for deliberations. When the jury was later instructed they were given the correct law. Any error occurring was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ The State correctly charged appellant in one information under separate counts. *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977), and *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980).

Appellant also claims that the trial court committed reversible error in admitting "voluminous" other-crime evidence, and beyond that, other evidence alleged to demonstrate his bad character. Most of these charges concern the prosecution's cross-examination of appellant after he had testified regarding two prior felony charges to which he entered guilty pleas.

■ The appellant claims that the prosecution should not have been allowed to cross-examine him in such a manner as to imply that during the course of one prior burglary he had committed attempted rape, assault with a knife, and obstruction of justice. This, appellant contends, violates the rule that the details of prior convictions are not proper cross-examination for impeachment and the rule against admitting evidence of other crimes. On rebuttal the State introduced the testimony of the victim of the prior burglary and that of the arresting officers to contradict appellant's testimony that he had been completely drunk and remembered little of what had happened.

■ Had appellant simply testified to having prior felony convictions, cross-examination and rebuttal evidence regarding the details of the crimes would have been improper. But when a defendant opens up a field of inquiry on direct examination, he may not complain on subsequent cross-examination of the same subject. *Burney v. State*, 594 P.2d 1226 (Okl.Cr.1979). Furthermore, rebuttal evidence is admissible to "contradict, repel, disapprove, or destroy facts given in evidence by an adverse party in that the admission of such evidence is a matter addressed to the discretion of the trial court...." *Id.* at 1229. Each witness who was called for the State on rebuttal was called to offer testimony contradicting the appellant's evidence. This was proper.

■ In addition to offering testimony from the previous burglary victim and arresting officers, the State also called a witness, Marsha Reynolds, who contradicted appellant's mother's testimony that she was not afraid of appellant. She said his mother had previously told her she was frightened of appellant. The evidence code allows the introduction of prior inconsistent statements of the witness. 12 O.S.1981,

§ 2613. We find no abuse of the trial court's discretion.

■ In *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), we established guidelines for the admission of other-crime evidence. In *Burks*, we enunciated the requirement that the court give the jury an instruction limiting their consideration of this evidence. In *Scott v. State*, 663 P.2d 17 (Okl.Cr.1983), we held that when no such instruction is requested of the court in written form, appellate review will not be made except for fundamental error. Appellant did not request such an instruction of the trial court, but assigns the failure to give one as error. The record does not disclose fundamental error, and we conclude this assignment of error is meritless.

■ Appellant requested the trial court to grant a mistrial because on the second day of trial two jurors saw him in manacles as he was brought to the courtroom. An in camera hearing was conducted and several jurors were questioned as to what they saw and how it impressed them. Only two saw appellant as he was escorted manacled in the presence of three deputies. They both said they thought it was routine procedure and were not upset by it. While 22 O.S. 1981, § 15, provides that a defendant is not to be tried in chains and shackles, we held in *Pisano v. State*, 636 P.2d 358 (Okl.Cr. 1981), that the statute was not violated and reversal was not required when a defendant was viewed under similar circumstances. As in *Pisano*, appellant has failed to show that the incident was not accidental and that he was prejudiced. There was a slight delay in unshackling appellant because the wrong key was brought, but it was not of such length or under such circumstances as to harm him. This assignment must fail.

■ His next assignment is that he was denied due process because the trial judge refused to reopen the in camera hearing to allow defense counsel to question additional jurors regarding the above incident. It also is without merit. The appellant put on seven witnesses for his motion for mistrial.

The trial court made its ruling denying the motion, and appellant then moved to reopen the hearing that he may present further evidence. The court denied his request. We find that the trial judge did not abuse his discretion to conduct the course of the trial by refusing the request. *Shipman v. State*, 639 P.2d 1248 (Okl.Cr.1982). The transcript reveals that there was sufficient evidence to determine that the incident was unintended and not prejudicial.

■ Next, appellant claims he should not have been charged and convicted after conviction of two or more felonies under 21 O.S.1981, § 51(B). He claims that the two felonies used to enhance punishment arose out of the same incident. There is nothing in the record to so indicate. Appellant testified that he was arrested for both of them on the same night. He did not even know, he testified, when or where one of them occurred. We find this assignment to be meritless.

■ Appellant contends that in Case No. CRF–81–99, which is the charge containing three counts of pointing a weapon, he was wrongfully charged and convicted After Conviction of Two or More Felonies. He points to a portion of the preliminary hearing transcript which tends to indicate that the judgment and sentence of only one prior felony was introduced. However, the record indicates that appellant was bound over on each charge (CRF–81–99—CRF–81–102) After Former Conviction of Two or More Felonies. The district court ordered the preliminary hearing of all charges consolidated. The transcript must be read in view of this fact.

■ Appellant is entitled to proof of prior enhancing convictions at preliminary hearing, *Carter v. State*, 292 P.2d 435 (Okl. Cr.1956), and we find that two prior felony convictions were proven.

■ Finally, appellant contends that the prosecutor made improper and prejudicial comments in closing argument, and reversal is thereby required. Some of these statements drew contemporaneous objections, many did not and were not properly

preserved for review. *Coleman v. State,* 668 P.2d 1126 (Okl.Cr.1983).

 We have consistently held that the right of argumentation contemplates liberal freedom of speech and range of discussion. *Kennedy v. State,* 640 P.2d 971 (Okl. Cr.1982). Illustration and argumentation is wide. *Id.* We find that the comments complained of were not so prejudicial as to require reversal. Many were reasonable inferences from the evidence. *Faulkner v. State,* 646 P.2d 1304 (Okl.Cr.1982). In light of the overwhelming evidence of guilt, none of the comments would have determined the verdict and were harmless. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., concurs in results.

BRETT, J., concurs.