Alton Carol FRANKS,
Petitioner-Appellant,

v.

Mack ALFORD, Warden,
Respondent-Appellee.

No. 85–2088.

United States Court of Appeals,
Tenth Circuit.

June 5, 1987.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for petitioner-appellant.

Rozia M. McKinney, Asst. Atty. Gen. (Robert H. Henry, Atty. Gen., with her, on the brief), State of Okl., Oklahoma City, Okl., for respondent-appellee.

Before SEYMOUR, REINHARDT,* and TACHA, Circuit Judges.

SEYMOUR, Circuit Judge.

Alton Franks brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982), contending that his constitutional rights under the Sixth and Fourteenth Amendments were denied when the Oklahoma Court of Criminal Appeals modified his conviction from first degree murder to second degree murder instead of overturning his conviction.[1] The district court denied relief. Franks appeals and we reverse.

I.

The state court record reflects the following facts. On the evening of September 29, 1977, Franks committed an armed robbery of a supermarket. A police officer, unaware of the robbery, stopped Franks after observing him speeding and running stop signs. Franks pointed a gun at the officer and disarmed him. The officer shoved Franks to the ground and ran. Franks fired shots from two guns before driving away without turning on his headlights. Shortly thereafter, he ran a stop sign and collided with another vehicle. The

---

\* The Honorable Stephen R. Reinhardt, United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. Because we have concluded that this claim is dispositive, we have not considered Franks' argument that, under *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), the reduction of his sentence on appeal from death to life imprisonment denied him his liberty interest arising from the state-created right to have his maximum punishment set initially by a jury.

collision killed a three-month-old infant passenger in the other vehicle.

Franks was charged with felony murder under Okla.Stat. tit. 21, § 701.7(B) (1981), which provides:

"A person also commits the crime of murder in the first degree when he takes the life of a human being, regardless of malice, in the commission of forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, first degree burglary or first degree arson."

The one-count information cited the supermarket robbery, robbery of the officer, and escape from lawful custody as the felony grounds. Franks admitted commiting the underlying offenses. At the first stage of the trial, after being instructed on first degree felony murder, second degree murder, first degree manslaughter, and negligent homicide, the jury found Franks guilty of first degree felony murder. At the second stage, the jury fixed Franks' punishment as death.

On direct appeal, the Oklahoma Court of Criminal Appeals reversed the felony murder conviction. The court held, inter alia, that (1) the facts did not support a finding of escape from lawful custody, and (2) there was no causal connection between the robberies and the homicide. *Franks v. State*, 636 P.2d 361 (Okla.Crim.App.1981), *cert. denied*, 455 U.S. 1026, 102 S.Ct. 1729, 72 L.Ed.2d 147 (1982). Without further explanation, the court also held that the evidence supported Franks' guilt of second degree murder, defined under Okla.Stat. tit. 21, § 701.8(1) as homicide "perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual." The court then modified Franks' conviction to second degree murder and reduced his sentence from death to life in prison, the maximum punishment for that crime. Franks applied for state post-conviction relief, challenging the modification of both his judgment of conviction and his sentence. The state district court ruled that the Court of Criminal Appeals was justified in modifying Franks' conviction and sentence. The Court of Criminal Appeals affirmed.

## II.

In his federal habeas petition, Franks asserted that the alteration of his conviction by the state appellate court under the facts of this case denied his right to a jury trial guaranteed by the Sixth and Fourteenth Amendments. In rejecting this claim, the district court pointed out that Franks had requested instructions on lesser degrees of homicide and had not objected to the instruction on second degree murder based on Okla.Stat. tit. 21, § 701.8. Citing *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the court held that this failure to object was a procedural default precluding Franks from thereafter contesting his conviction of second degree murder. Notwithstanding the finding of default, the district court proceeded to decide that the state court's action was not constitutionally infirm because, when the evidence at trial was viewed most favorably to the prosecution, any rational jury would have found the essential elements of murder in the second degree beyond a reasonable doubt.

On appeal, Franks argues that the district court misperceived the nature of his claim. We agree. Franks is not objecting to the propriety of giving an instruction on second degree murder, or to the content of the one given. Nor is he asserting that the record could not support a conviction of that crime. He contends that the Court of Criminal Appeals in essence convicted him of second degree murder on appeal and thereby denied him his constitutional right to have a jury assess his guilt of second degree murder. The asserted error thus occurred at the appellate level, and the procedural bypass rules of *Fay* and *Wainwright* do not apply.

Because "trial by jury in criminal cases is fundamental to the American scheme of justice, ... the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a

federal court—would come within the Sixth Amendment's guarantee." *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). Significantly, the Supreme Court has pointed out that "the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges." *Id.* at 156, 88 S.Ct. at 1451. Consequently, "[a] defendant charged with a serious crime has the right to have a jury determine his guilt or innocence." *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 696, 88 L.Ed.2d 704 (1986). "Findings made by a judge cannot cure deficiencies in the jury's finding as to the guilt or innocence of a defendant resulting from the court's failure to instruct it to find an element of the crime." *Id.*

In this case, Franks was convicted of felony murder under an Oklahoma statute stating that the death may occur "regardless of malice." Okla.Stat. tit. 21, § 701.-7(B). The felony murder doctrine thus permits a conviction for murder when a death occurs in connection with a defendant's commission of an underlying felony. The defendant's state of mind with respect to the death is irrelevant. Indeed, at Franks' trial the court instructed the jury that Franks could be guilty of first degree murder under the felony murder statute even if the homicide were unintended or absolutely accidental. *See* Crim.App.Orig.Rec., at 46. The court further instructed the jury that if it found Franks guilty of first degree murder, it should *not* consider the offense of second degree murder. *Id.* at 51.

As opposed to first degree felony murder, the second degree murder statute at issue requires "an act imminently dangerous to another person and evincing a depraved mind." Okla.Stat. tit. 21, § 701.-8(1). Although the jury was correctly instructed that it had to find this element to convict Franks of second degree murder, once it found Franks guilty of first degree murder it was precluded under the court's instructions from considering whether the evidence established this element of second degree murder.

Apparently both the Oklahoma courts and the federal district court proceeded on the erroneous assumption that "depraved mind" second degree murder is a lesser included offense of first degree felony murder. However, "[t]he elements of a lesser included offense must necessarily be included in the offense charged." *Jennings v. State,* 643 P.2d 643, 645 (Okla. Crim.App.1982). When a jury convicts a defendant of the offense charged, it thus necessarily finds all the elements of a true lesser included offense. Under those circumstances, a reduction on appeal to the lesser included offense does not run afoul of the Sixth Amendment, because the *jury* has found all the elements of the lesser offense. *See, e.g., Morris v. Mathews,* 475 U.S. 237, 106 S.Ct. 1032, 1037–38, 89 L.Ed.2d 187 (1986). In this case, to the contrary, "depraved mind" murder is not a lesser included offense of felony murder because it requires proof of a mental state that felony murder does not.

As we have noted, Franks' conviction for felony murder did not require the jury to determine beyond a reasonable doubt whether the act causing the death evinced a depraved mind, as required for the second degree murder conviction imposed by the Court of Criminal Appeals. The appellate court's determination of this issue is not a constitutionally acceptable substitute. *See Cabana,* 106 S.Ct. at 696. Because Franks was denied his right under the Sixth and Fourteenth Amendments to have his guilt determined by a jury, his conviction is constitutionally infirm.

The judgment of the district court denying the petition for habeas corpus is reversed with instructions that the writ be granted unless, within a reasonable time, the state affords Franks a new trial.