978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Owen Lee SWAIM, Petitioner-Appellant,
v.
H.N. SCOTT, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-5036.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Owen Swaim was convicted in state court of first degree murder and sentenced to death. On direct appeal, the Oklahoma Court of Criminal Appeals modified the judgment to a conviction for second degree murder with an indeterminate sentence of ten years to life. See Swaim v. State, 569 P.2d 1009 (Okla.Crim.App.1977). Mr. Swaim filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 (1988), alleging that his Sixth and Fourteenth Amendment rights were violated because the action by the state appellate court denied him the right to have his guilt determined by a jury. The federal district court denied relief. Mr. Swaim appeals, and we affirm.
 
 
 3
 Mr. Swaim relies on this court's decision in Franks v. Alford, 820 F.2d 345 (10th Cir.1987), in arguing that he has been denied his right to a jury trial. That case is distinguishable. As the district court pointed out below, Mr. Swaim was convicted under a statute defining first degree murder as a homicide perpetrated with a premeditated design to effect death during an armed robbery. The state appellate court concluded that the robbery in this case, which was committed with a belt, was a robbery by force and fear rather than an armed robbery. The court held that Mr. Swaim could not be guilty of first degree murder because there was no armed robbery within the meaning of the statute. The court then applied a second degree murder statute which required that the death occur during the commission of a less serious felony, but did not require an intent that the death occur.
 
 
 4
 In Franks, on the other hand, the jury found the petitioner guilty under a first degree felony murder statute that made the defendant's state of mind irrelevant. On direct appeal, the state court altered the conviction to second degree murder under a statute requiring a depraved mind. See Franks, 820 F.2d at 347. We concluded on these facts that the petitioner was denied his right to a jury adjudication of guilt. Because the jury could have convicted the petitioner of first degree murder without finding the intent necessary for the crime of second degree murder, modifying the conviction to second degree murder on appeal denied the petitioner a jury determination of the element of intent.
 
 
 5
 We distinguished Franks from a case in which the second degree murder is a true lesser included offense of the first degree murder. A crime is a lesser included offense if all of its elements must necessarily be included in the greater charged offense. Id. "Under those circumstances, a reduction on appeal to the lesser included offense does not run afoul of the Sixth Amendment, because the jury has found all the elements of the lesser offense." Id.
 
 
 6
 That is precisely the situation here. In order to convict Mr. Swaim of first degree murder, the jury had to have found that he committed armed robbery with an intent to inflict death. The second degree murder statute requires commission of a robbery by force and fear, a crime which the state court of appeals correctly concluded was a lesser included offense of armed robbery. Thus, the jury's finding encompasses the felony required for second degree murder. It is irrelevant that the second degree murder statute applied here has no intent requirement. Franks is applicable only when the lesser offense includes an element that was not required for the jury to convict on the greater offense.
 
 
 7
 We conclude that Swaim was not denied his constitutional right to a jury trial, and we affirm the dismissal of his petition. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3