549 So.2d 784 (1989)
Frederick Earl WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2029.
District Court of Appeal of Florida, Fourth District.
October 4, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We clarify our opinion dated February 15, 1989, 540 So.2d 124, by specifically providing instructions upon remand that, inasmuch as this court reversed appellant's conviction of second-degree felony murder of the driver of the getaway car, Lawrence Hargrett, because of an insufficiency of *785 the evidence, appellant cannot be re-tried upon the same charge of second-degree felony murder because of double jeopardy considerations. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). Nor can he be retried on any lesser included offenses if the jury was not charged upon those lesser included offenses. Bean v. State, 469 So.2d 768 (Fla. 5th DCA 1984). As a general rule, a defendant may be retried on lesser offenses after a reversal of the conviction on the greater offense if all of the constituent essential elements of the lesser offense are not included within the elements of the greater offense. Bell v. State, 437 So.2d 1057 (Fla. 1983).
It is SO ORDERED.
UPON APPELLEE'S MOTION TO WITHDRAW MANDATE/MOTION FOR DIRECTIONS ON WHAT TO DO ON REMAND.
DOWNEY and WALDEN, JJ., concur.
HERSEY, C.J., dissents without opinion.