687 So.2d 298 (1997)
Catalino ZOLACHE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3689.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
*299 Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood and Joan L. Greenberg, Assistant Attorneys General, West Palm Beach, for appellee.
HAZOURI, FREDRICK A., Associate Judge.
Following a jury trial, Appellant, Catalino Zolache, was convicted of attempted first degree murder (Count I) and attempted second degree murder (Count II). On appeal, this Court affirmed Appellant's convictions, rejecting his argument that the court erred when it denied his motion for new trial. However, this Court remanded this cause for resentencing pursuant to a corrected guidelines scoresheet, since his conviction for attempted second degree murder was erroneously scored as a life felony instead of a first degree felony. Appellant's motion for rehearing was denied specifically without prejudice for him to present new evidence on his motion for new trial to the trial Court. Zolache v. State, 657 So.2d 25 (Fla. 4th DCA 1995).
At the time of the scheduled resentencing hearing, Appellant filed a notice of substitution of new counsel for his original trial counsel. The trial judge refused to allow the substitution of counsel and proceeded with the resentencing hearing with Appellant being represented by his original trial counsel.
At the conclusion of the resentencing hearing, the trial court entered an order vacating Appellant's original sentence and resentencing him to serve the same consecutive terms of twenty-seven years in prison on Count I and twenty-five years in prison on Count II as had been previously imposed, with consecutive three year mandatory minimum terms for the use of a firearm. The sentencing guidelines scoresheet was corrected as ordered by this Court, so that the permitted sentencing range was twelve to twenty-seven years in prison. The stated reason for departure was that the second shooting (Count II) was done to eliminate an eyewitness even though Appellant had been convicted of only attempted second degree murder on that count. The trial judge relied on his previously rendered order justifying the departure from the guidelines sentence. Appellant then brought this appeal, contending that the trial court erred in denying his request to substitute counsel and in departing from the sentencing guidelines as it applied to Count II.
As to the first point on appeal we find that the trial judge did not abuse his discretion in denying the defense request for a substitution of counsel. Weems v. State, 645 So.2d 1098 (Fla. 4th DCA 1994); rev. denied, 654 So.2d 920 (Fla.1995); McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986).
As to the second point on appeal we agree that the trial court erred in departing from the sentencing guidelines as they applied to Count II. The reason given by the trial court for its departure was that the offense was committed to eliminate a witness. This reason does not, however, support the departure in the instant case. In order to substantiate an aggravation of the sentence, the State must establish that the dominant motive of the killing was the elimination of the witness. Bruno v. State, 574 So.2d 76 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991). The jury found Appellant guilty of attempted second degree murder in the shooting of the witness, thereby rejecting any theory that the shooting was premeditated. Because the jury acquitted Appellant of attempted premeditated murder by its verdict for the lesser included offense, the trial court is precluded from using any factor derived from the element of premeditation to support a guidelines departure sentence. Allen v. State, 604 So.2d 23 (Fla. 5th DCA 1992).
The State argues that the trial court's departure from the guidelines is not reviewable by this Court because in the previous appeal of this case, the same argument was made by Appellant. The State contends this Court has already considered the reasons for departure and found them to be proper. Thus, the State concludes, the law of the case doctrine precludes Appellant from bringing this issue on appeal.
We do recognize the general rule that all points of law which have been adjudicated become the "law of the case." However, an appellate court has the power to *300 reconsider and correct erroneous rulings notwithstanding that such rulings have become the law of the case where reliance on the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939 (Fla.1984), vacated on other grounds, 564 So.2d 120 (Fla.1990). Since it would be fundamentally unfair to require Appellant to serve a sentence in excess of that which is legally authorized, we must correct our earlier ruling.
Denial of substitution of counsel is affirmed; sentence reversed and remanded for resentencing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WARNER and KLEIN, JJ., concur.