ON MOTION FOR RECONSIDERATION

PER CURIAM.
Upon our receipt of mandate from the supreme court following the opinion in State v. Laster; 24 Fla. L. Weekly S203, 735 So.2d 481 (Fla.1999), the appellant moved for reconsideration of one aspect of our earlier decision. In Laster v. State, 23 Fla. L. Weekly D790, — So.2d —, 1998 WL 129034 (Fla. 1st DCA March 24,1998), we affirmed both of the appellant’s armed robbery convictions despite his argument that the double jeopardy provisions of the constitution precluded conviction of more than one count of armed robbery under the facts of the case. Thereafter, the appellant’s codefendant, Jeremiah Butler, who was jointly tried with the appellant but before a different jury, secured relief on the same double jeopardy claim. See Butler v. State, 711 So.2d 1183 (Fla. 1st DCA 1998). The appellee appropriately concedes that Butler and the appellant are “identically situated” for purposes of presenting the double jeopardy claim. Accordingly, in the interest of justice, we now extend the appellant the same relief afforded to Butler. See Fla. R.App. P. 9.140(h). On remand the trial court is directed to vacate the judgment and sentence as to one of the armed robbery counts.
JOANOS, ALLEN and WEBSTER, JJ., CONCUR.