875 So.2d 719 (2004)
Raymond CARRIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2084.
District Court of Appeal of Florida, First District.
June 7, 2004.
*720 James C. Banks of Law Office of Banks & Morris, P.A., Special Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
The appellant was charged with, inter alia, the attempted second degree murder of a police officer whom the appellant nearly ran over with his car while attempting to evade arrest. At trial, over defense objection, the jury was instructed on the lesser included offense of aggravated assault on a law enforcement officer. Although aggravated assault on a law enforcement officer requires proof of the element of "putting in fear," an element which was neither pled nor proven, the jury found the appellant guilty of aggravated assault on a law enforcement officer, and the appellant was sentenced to seven years' imprisonment followed by five years' probation.
On appeal, the appellant claims entitlement to a new trial. The state concedes that the evidence was insufficient to support a conviction for aggravated assault on a law enforcement officer and that this conviction must be reversed. However, the state argues that a new trial is not necessary. We agree with the state.
In addition to being instructed on aggravated assault on a law enforcement officer, the jury was also instructed on the lesser included offense of culpable negligence. To prove culpable negligence, the state was obliged to show that the appellant exposed the officers to personal injury and that the appellant did so through culpable negligence. See § 784.05, Fla. Stat. (2001).

*721 Culpable negligence consists of: more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights. The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Logan v. State, 592 So.2d 295, 298 (Fla. 5th DCA 1991).
At trial, the testimony of the victim officers established that a warrant for the appellant's arrest was discovered after the appellant had been pulled over for a routine traffic stop. When one of the officers asked the appellant to step out of his vehicle, the appellant tried to roll his window up. The officer grabbed the window and ordered the appellant out of the car, but the appellant merely put the car into reverse and quickly began backing away, indifferent to the fact that the officer who was holding onto the window lost his footing and was dragged by the car for 15 to 20 feet, suffering injury. The other officer had to leap to safety not once but twice to avoid being hit by the appellant's car. Once out in traffic, the appellant led many officers on a high-speed chase that resulted in the appellant crashing his car. These facts are sufficient to support a conviction for culpable negligence. See, e.g., Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), quashed on other grounds, 561 So.2d 576 (Fla.1990).
Section 924.34, Florida Statutes (2001), states:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
Further, "section 924.34 refers to both category 1 necessary lesser included offenses and category 2 permissive lesser included offenses." Coicou v. State, 867 So.2d 409, 412 (Fla. 3d DCA 2003), citing I.T. v. State, 694 So.2d 720 (Fla.1997).
Because the evidence does not prove the offense for which the appellant was found guilty but does establish the lesser offense of culpable negligence, we reverse the appellant's conviction for aggravated assault on a law enforcement officer and remand this cause to the trial court with directions to enter judgment for culpable negligence. See § 924.34, Fla. Stat. (2001); see also Coicou, 867 So.2d at 412. We further direct the trial court to re-sentence the appellant in accordance with this opinion.
Although we have directed the trial court to impose judgment and sentence for the permissive lesser included offense of culpable negligence as required by I.T., we have determined that it is appropriate to certify a question of great public importance to the supreme court. The question is certified because of our difficulty in reconciling I.T.'s construction of section 924.34, Florida Statutes, with decisions such as United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).
*722 In I.T., the supreme court held that the statutory term "lesser offense necessarily included in the offense charged" includes permissive lesser included offenses. Therefore, when the evidence in a case reviewed on appeal is insufficient to prove the crime for which the defendant has been found guilty but would be sufficient to support a verdict of guilty of a permissive lesser included offense, the appellate court is obligated to direct the trial court upon remand to enter judgment and sentence for the permissive lesser included offense.
A permissive lesser included offense has at least one statutory element not included in the greater offense. See, e.g., Nurse v. State, 658 So.2d 1074, 1077 (Fla. 3d DCA 1995)("As to the second category, a permissive lesser included offense is, in the purest form, the same as a necessarily included offense except that it contains one or more statutory elements which the charged offense does not contain."). See also State v. Wimberly, 498 So.2d 929 (Fla.1986); Brown v. State, 206 So.2d 377 (Fla.1968). Accordingly, a section 924.34 remand with directions for the trial court to impose judgment and sentence for a permissive lesser included offense requires entry of judgment and sentence for a crime which includes at least one element never addressed by the verdict of a jury.
Such directions therefore seem to us irreconcilable with decisions such as United States v. Gaudin, in which the court wrote:
The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without "due process of law"; and the Sixth, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." We have held that these provisions require criminal convictions to rest upon a jury determination that a defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. Sullivan v. Louisiana, 508 U.S. 275, 2770278, 113 S.Ct. 2078, 2080-2082, 124 L.Ed.2d 182 (1993).
Id. at 509, 115 S.Ct. 2310. Because the procedure prescribed in I.T. authorizes judges to make the sole determination as to whether one or more of the elements of a crime have been proven, and because even this determination need not be made beyond a reasonable doubt, it seems to us that the I.T. procedure violates the directives of the federal constitution as explicated in cases such as Gaudin and Sullivan. Accordingly, we certify to the supreme court the following question of great public importance:
Does the procedure prescribed in I.T. v. State deny defendants their federal constitutional rights to trial by jury and proof beyond a reasonable doubt?
REVERSED AND REMANDED WITH INSTRUCTIONS, AND QUESTION CERTIFIED.
KAHN and PADOVANO, JJ., concur.