881 So.2d 14 (2004)
Jay Junior SIGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4799.
District Court of Appeal of Florida, Fourth District.
July 14, 2004.
Rehearing Denied September 17, 2004.
*15 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
This is the aftermath to our decision in Sigler v. State, 805 So.2d 32 (Fla. 4th DCA 2001), review denied, 823 So.2d 126 (Fla.2002). Because the outcome in this appeal involves what we did and said in that decision, we summarize the material aspects of it.
Defendant was indicted and tried for the crime of first degree felony murder, the state charging that the murder was committed while he was involved in an escape from prison. Briefly, the incident that is *16 the basis for the crime charged took place on the day after defendant had escaped from prison with the aid of his friend Michelson. As they were driving from their overnight hotel refuge, they were seen by police who gave chase at high speed. With Michelson driving, the car in which defendant was riding collided with another, killing its driver.
The jury convicted defendant only of the lesser included offense of second degree murder. See § 782.04(2), Fla. Stat. (1997) ("The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree...."). On his direct appeal (Sigler I), he argued that the evidence was insufficient to convict him of second degree murder. Because he was not the driver or owner, and was not in control of the vehicle that collided with and killed the victim, there was no evidence that defendant harbored any "ill will, hatred, spite or evil intent" for the victim. See Duckett v. State, 686 So.2d 662, 663 (Fla. 2d DCA 1996) (term "imminently dangerous to another and evincing a depraved mind regardless of human life" means an act that is done from "ill will, hatred, spite or an evil intent").
We then proceeded to consider whether defendant could be convicted of third degree felony murder as a permissive lesser included offense to second degree murder. See § 782.04(4), Fla. Stat. (1997) (defining third degree felony murder as the unlawful killing of a human, without any design to kill, by a person engaged in the perpetration of, or attempted perpetration of, any felony other than those specified for first degree felony murder). As we saw it then, the issue was whether defendant could have been found guilty of the underlying felony of harboring an escaped prisoner, namely himself. We concluded that he could have been found so guilty as an aider and abettor in his accomplice's perpetration of the crime of harboring defendant as an escapee. See § 777.011, Fla. Stat. (1997) ("Whoever ... aids, abets, counsels, hires, or otherwise procures [a criminal offense] to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense."). While defendant argued that such a theory was "absurd", we were "not prepared to dismiss [it] so lightly." 805 So.2d at 35. We found the contention  that defendant "was simply along for the ride"  "contrary to both the evidence and common sense." 805 So.2d at 36. We instructed the trial court upon remand to enter a conviction for third degree felony murder.
On remand, the state sought compliance with our Mandate. Defendant filed a motion for discharge, and the court held a hearing. Defendant argued that he was entitled to a discharge on the grounds that a conviction for third degree felony murder would be illegal because the jury had not found him guilty of an essential element of the offense, namely the underlying offense of harboring an escapee. The trial court did as we instructed in the Mandate, and defendant now appeals.
We are, of course, met at the threshold with the state's contention on Sigler redux that third degree felony murder is the law of this case. See Greene v. Massey, 384 So.2d 24, 28 (Fla.1980) ("All points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."); *17 Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965) (same). The state argues that this court directly confronted the issue whether a conviction for third degree felony murder was proper in Sigler I and concluded that such a conviction was proper. That, says the state, is the law of this case. Defendant responds with the equally well known principle that appellate courts have the power to correct significant mistakes in spite of the law of the case doctrine. Zolache v. State, 687 So.2d 298, 299 (Fla. 4th DCA 1997) (appellate court has power to reconsider and correct erroneous rulings, in spite of the fact that such rulings have become law of the case, where reliance on previous decision would result in manifest injustice). Defendant argues that the conviction of a crime that is barred by law is surely a manifest injustice, requiring relaxation of the finality of our previous decision.
We agree with defendant. The circumstances in this case demand as a matter of grace that we exercise our authority to reconsider our earlier decision. If an illegal conviction is not well within the concept of exceptional circumstances and manifest injustice requiring a relaxation of the law of the case, it is not easy to imagine what would be. See Strazzulla, 177 So.2d at 4 ("[A]n appellate court should [e.s.] reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to `the law of the case' at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasons  and always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule."); Zolache, 687 So.2d at 299 (prior ruling should be corrected because it is "fundamentally unfair" for defendant to serve an illegal sentence). We thus proceed to confront his argument that the conviction for third degree felony murder is illegal.
Defendant argues that not all of the statutory elements of third degree felony murder are subsumed within the greater offense of second degree murder because each crime has an element that the other lacks. Third degree felony murder requires an underlying felony  in this case, harboring an escaped prisoner  while second degree murder requires that the killing be done with a depraved mind. More important, second degree murder does not require an underlying felony; there is no required predicate offense in the crime of second degree murder. Defendant's conviction for second degree murder thus did not require the jury to determine beyond a reasonable doubt whether he had committed the predicate offense of harboring an escapee. Defendant places great emphasis, therefore, on the inescapable fact that the jury in his case could not have found him guilty of any underlying felony.
We ourselves now take notice that the jury actually exonerated defendant of the charge of first degree felony murder  which, like third degree felony murder, required proof of an underlying felony. Because the verdict in this case is general, we have no way of ascertaining which element of first degree felony murder was not proved beyond a reasonable doubt. To give the jury determination its appropriate effect, we should necessarily indulge the assumption that the jury could well have based its decision on the failure of the evidence to prove an underlying felony. Hence, a conviction for third degree felony murder may actually conflict with that precise finding by the jury.
Defendant bases his argument that the conviction is illegal on Apprendi v. New *18 Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Franks v. Alford, 820 F.2d 345 (10th Cir.1987). Apprendi requires that every fact necessary for a conviction, other than criminal history, be submitted to a jury and determined by the jury beyond a reasonable doubt. Franks involves the essential reasoning that, he contends, informs the application of Apprendi to this case. In Franks, the court explained:
"Apparently [the courts] proceeded on the erroneous assumption that `depraved mind' second degree murder is a lesser included offense of first degree felony murder. However, `[t]he elements of a lesser included offense must necessarily be included in the offense charged.' When a jury convicts a defendant of the offense charged, it thus necessarily finds all the elements of a true lesser included offense. Under those circumstances, a reduction on appeal to the lesser included offense does not run afoul of the Sixth Amendment, because the jury has found all the elements of the lesser offense. In this case, to the contrary, `depraved mind' murder is not a lesser included offense of felony murder because it requires proof of a mental state that felony murder does not.
"As we have noted, Franks' conviction for felony murder did not require the jury to determine beyond a reasonable doubt whether the act causing the death evinced a depraved mind, as required for the second degree murder conviction imposed by the [state appellate court]. [That] appellate court's determination of this issue is not a constitutionally acceptable substitute. Because Franks was denied his right under the Sixth and Fourteenth Amendments to have his guilt determined by a jury, his conviction is constitutionally infirm." [c.o.]
820 F.2d at 347. In other words, our judicial determination in Sigler I that defendant could be convicted of third degree felony murder was erroneous because the jury's only finding of guilt (on the offense of second degree murder) did not necessarily include all the unique elements of the third degree offense.
We agree with defendant that the Sigler I jury verdict cannot under any theory be understood to have included a determination as to any predicate felony. We also agree that the decision by the Judges of this Court in Sigler I was not a "constitutionally acceptable substitute" for such a jury determination. As defendant aptly puts it in his brief, "this Court may have found sufficient evidence of harboring an escaped prisoner, but no jury has made such a finding."
Defendant was entitled to have the question of guilt for third degree felony murder submitted to and determined by the jury. Because the jury's verdict in this case did not include a jury determination beyond a reasonable doubt as to each element of third degree felony murder, defendant cannot be convicted of that offense. Cf. Pratt v. State, 668 So.2d 1007, 1009 (Fla. 1st DCA), approved 682 So.2d 1096 (Fla.1996) ("Were we to adopt the state's position and direct entry of judgment for attempted manslaughter (an intent crime) pursuant to section 924.34, we necessarily would be acting as the fact-finder and would have to assume the presence of the requisite intent. Such a result would encroach impermissibly upon the province of the jury. We conclude that the appellant would be effectively denied his constitutional right to trial by a jury if we, sitting in an appellate capacity, were to presume a finding of intent that the jury itself did not have to make.").
The state's response to this is to argue only that the law of the case bars *19 any reconsideration of this issue. We have already rejected that argument. The state also argues that section 924.34 authorizes an appellate court to order a conviction on a permissive, lesser included offense. See § 924.34, Fla. Stat. (2003) ("When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense."). We do not think the statute controlling in this instance.
The problem with the state's contention is that state statutes do not control over United States Supreme Court decisions on matters of federal constitutional law. It is, rather, the other way around. Apprendi's holding as to the meaning of the Sixth Amendment right to trial by jury in criminal cases is binding on this court. Apprendi makes it clear that criminal convictions depend on jury findings as to each element of the crime. While criminal history without a jury finding may be used to affect the range of punishment, in this instance criminal history is not the issue. The element of aiding and abetting the predicate crime of harboring an escapee is the issue, and on no account can the jury's finding of guilt for second degree murder be deemed to include any finding on that offense.
We note that in Carrin v. State, 875 So.2d 719 (Fla. 1st DCA 2004), the First District recently concluded that the United States Supreme Court has made clear that the Sixth Amendment "require[s] criminal convictions to rest upon a jury determination that a defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." Id. The First District recognized, however, that the Florida Supreme Court has construed section 924.34 to authorize appellate judges to make a finding of guilt as to each element of permissive lesser included offenses in place of a jury determination. See I.T. v. State, 694 So.2d 720 (Fla.1997) (statute allowing appellate court which determines that evidence does not prove charged offense, but does support guilt of lesser included offense, to reverse judgment and direct trial court to enter judgment for lesser offense applies to both necessary lesser included offenses and permissive lesser included offenses).
Carrin pointed to United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), and Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), but did not mention Apprendi, which was decided after I.T. As we write this opinion, the Court has also just released Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Blakely holds that a state trial court's sentencing of a defendant, who had pleaded guilty to second-degree kidnapping involving the use of a firearm, to more than 3 years above the 53-month statutory maximum of the standard range for his offense, on the basis that he acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury where the facts supporting the deliberate cruelty finding were neither admitted by defendant nor found by a jury. Blakely thus makes even more apparent the importance of a jury determination as to each element of the crime and "that the judge's authority to sentence derives wholly from the jury's verdict." Id. at 2539.
Carrin certified to the Florida Supreme Court the question whether the holding in I.T. violates decisions of the United States Supreme Court. We decline to certify this *20 issue. The decisions in Apprendi and Blakely both came after the Florida court decided I.T. We think these later decisions make it clear beyond any doubt that section 924.34 as interpreted in I.T. is contrary to the Sixth Amendment when the previous jury determination cannot be deemed to have necessarily found defendant guilty as to every element of the permissive lesser included offense. That means that as for this circumstance we are expressly holding the statute invalid under the United States Constitution. This is an express construction of the Sixth Amendment; the Florida Supreme Court has apparent jurisdiction to review our decision. See Fla. R.App. P. 9.030(a)(2)(A)(ii) ("The discretionary jurisdiction of the supreme court may be sought to review decisions of district courts of appeal that ... (ii) expressly construe a provision of the state or federal constitution."). Certification would be redundant.
Defendant having specifically prayed for a remand to submit the issue to a jury, we hereby do so.
REVERSED AND REMANDED FOR NEW TRIAL.
KLEIN and HAZOURI, JJ., concur.