PER CURIAM.
Convicted of second degree murder, Mi-sael Cornejo contends that the evidence in this circumstantial case was insufficient to establish his criminal liability as a principal in the shooting death of the victim. We agree, and reverse his conviction for second degree murder. Consistent with Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004), we remand to the circuit court for retrial on the charge of third degree felony murder, which was given to the jury as a lesser included offense and for which there was sufficient evidence to submit the case to the jury.
The state charged Cornejo with first degree murder, on the theory that he was a principal. After the state rested, the defense moved for a judgment of acquittal of the first degree murder charge. The jury convicted Cornejo of the lesser offense of second degree murder. We hold that the motion for judgment of acquittal should have been granted as to first and second degree murder.
A judgment of acquittal is proper in a circumstantial evidence case such as this if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt. See Barwick v. State, 660 So.2d 685, 694 (Fla.1995) (citing Atwater v. State, 626 So.2d 1325, 1328 (Fla.1993), receded from on other grounds by Topps v. State, 865 So.2d 1253, 1258 (Fla.2004)). In ruling on the motion, the trial judge must determine whether “there is competent evidence from which the jury could infer guilt to the exclusion of all other inferences. If there is an absence of such evidence, a judgment of acquittal is appropriate.” Id. at 694 (citation omitted).
The state acknowledges that Cor-nejo did not fire the shots that killed the victim; all evidence at trial pointed to co-defendant Jeronimo Pantoja as the shooter.[1] “To sustain a conviction as a principal for a crime committed by another, the state must prove that the defendant ‘intend[ed] that the crime be committed and [did] some act to assist the other person in actually committing the crime.’ ” Ehrlich v. State, 742 So.2d 447, 450 (Fla. 4th DCA 1999) (quoting Staten v. State, 519 So.2d 622, 624 (Fla.1988)).
Nothing in the evidence overcame the reasonable hypothesis that Cornejo had no knowledge of any plan to shoot the victim, that he offered no assistance or encouragement that led to the shooting, and that his actions after the shooting were consistent with someone who was an accessory after the fact.
There was evidence of a feud between the victim and his three friends on the one hand, and Cornejo, the co-defendant, and their friends on the other. The victim and his friends vandalized the co-defendant’s car and burglarized the apartment of Cor-nejo’s gang associate. Cornejo discouraged the group from riding and looking for the victim and urged that the police be called.
One witness saw Cornejo for a few seconds chasing the victim. Although Corne-jo was one of the people who surrounded the victim, the state offered no evidence that Cornejo encouraged anyone else to attack the victim. The state presented no testimony that Cornejo had a gun in his *1162 possession, gave a gun to anyone else, or knew that the shooter had a gun.
None of the physical evidence rebuts Cornejo’s claim that he was not responsible for the shooting. Blood was found on an inside door of a Mercury Marquis. When stopped soon after the shooting, Cornejo was in the’front passenger seat of the Marquis. No evidence was offered as to the door on which the blood was found; with seven people in the car at the time of the stop, this blood was not probative of Cornejo’s participation in the shooting.
The state also focused on the medical, examiner’s testimony that the victim had wounds consistent with a screwdriver, and that the police found a screwdriver in the front passenger seat of the car in which Cornejo was apprehended. However, the police found screwdrivers in both of the vehicles carrying gang members, and the state presented no evidence ■ linking any particular screwdriver to the wounds on the victim’s body.
In' sum, in this circumstantial case, the state did not offer substantial competent evidence that excluded Cornejo’s reasonable hypothesis of innocence, namely that he had no knowledge of a plan to shoot the victim, and that he did not encourage, assist, or incite the shooting of the victim.
Although there was insufficient1 evidence to support a charge of second degree murder, we find that there was sufficient evidence to support the 'charge of third degree felony murder, which was submitted to the jury as a lesser included offense. The enumerated felony for the third degree murder charge was aggravated battery.
However, Sigler prevents us from remanding for the entry of a conviction of third degree, felony murder, because the jury’s verdict did not necessarily include a finding that Cornejo had committed an aggravated battery.
In Sigler, a defendant was convicted of second degree murder. We held that the evidence did not support the conviction, because there was insufficient evidence of a depraved mind. Sigler, 881 So.2d at 16 (citing Sigler v. State, 805 So.2d 32 (Fla. 4th DCA 2001)). We also held that we could not remand for the entry of a conviction of third degree felony murder under section 924.34, Florida Statutes (2003), because the jury’s verdict “did not include a jury determination beyond reasonable doubt as to each element” of the enumerated felony (harboring an escapee). Sigler, 881 So;2d at 18.
Similarly, in this case, the jury’s verdict of second degree murder did not require the jury to determine beyond a reasonable doubt whether Cornejo had committed aggravated battery, the predicate offense for third degree felony murder. Consistent with Sigler, we remand for a new trial on the charge of third degree felony murder.
STEVENSON and HAZOURI, JJ., concur.
GROSS, J., concurring in part and dissenting in part with opinion.

. The jury convicted co-defendant Pantoja of first degree murder.