927 So.2d 890 (2005)
Christopher MICHELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4810.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
Robert C. Buschel and Sean Jason Gelb of Buschel Carter Schwartzreich & Yates, Fort Lauderdale, for appellant.
*891 Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
BLANC, PETER D., Associate Judge.
Christopher Lee Michelson timely appeals the judgment of conviction of third-degree felony murder and vehicular homicide entered on November 6, 2002. This is the second appeal stemming from a 1998 indictment charging appellant with first-degree felony murder and vehicular homicide. Because the third-degree felony murder conviction and this appeal are the results of our prior decision in Michelson v. State, 805 So.2d 983 (Fla. 4th DCA 2002), we summarize the relevant portions of that decision.
Michelson was initially indicted and tried for the crime of first-degree felony murder. Michelson took part in a scheme that resulted in the prison escape of his friend and accomplice, Jay Junior Sigler. The crime was committed one day after the escape when Michelson, after being spotted, tried to elude police officers, ran a stop sign in the vehicle he was driving, and collided with another vehicle, tragically killing its driver. Felony murder was charged based upon the allegation that Michelson was involved in an escape at the time of the collision. The jury convicted Michelson of the lesser-included offense of second-degree murder and of vehicular homicide. See § 782.04(2), Fla. Stat. (1997) ("The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree. . . ."). In its earlier decision, this court reversed the second-degree murder conviction finding that the evidence did not establish that the defendant acted with ill will, hatred, spite, or evil intent toward the victim. Without that evidence, the State was unable to establish the depraved mind required for the second-degree murder conviction. Pursuant to section 924.34, Florida Statutes (1997), this court remanded the case back to the trial court for entry of a judgment for third-degree felony murder and for re-sentencing.
After rehearing was denied and the supreme court declined to accept jurisdiction, the trial court entered judgment for third-degree felony murder in accordance with this court's mandate. Judgment was entered over appellant's renewed objection that the procedure violated his Sixth Amendment right to a trial by jury. The record reflects that the vehicular homicide conviction was merged for sentencing with the third-degree murder conviction and appellant was sentenced as a habitual felony offender to thirty years in prison, with a fifteen-year, minimum mandatory term. He filed a timely notice of appeal.
Appellant now contends that he was denied his constitutional right to a trial by jury when this court remanded with direction to the trial court to enter a conviction for third-degree murder because third-degree murder requires proof of an essential element, the commission of an underlying felony, which second-degree murder does not. Essentially, appellant argues that the jury did not find the existence of this essential element; therefore, this court's mandate to the trial court to enter a judgment of conviction for third-degree murder is a denial of his Sixth Amendment right to trial by jury. We agree and reverse.
The State initially argues that review is barred because the third-degree felony murder conviction arose from this court's prior decision and is, therefore, the law of the case. See Wallace v. P.L. *892 Dodge Mem'l Hosp., 399 So.2d 114 (Fla. 3d DCA 1981). Under the law of the case doctrine, "all points of law which have been previously adjudicated by a majority of this court may be reconsidered only where a subsequent hearing or trial develops material changes in the evidence, or where exceptional circumstances exist whereby reliance upon the previous decision would result in manifest injustice." Henry v. State, 649 So.2d 1361, 1364 (Fla. 1994). However, we are convinced that conviction of a crime under circumstances where a jury has not found that all essential elements of that crime were proven is a manifest injustice, requiring review and consideration.
Having crossed that threshold, we now address the substantive argument raised by appellant. We look to this court's recent opinion in Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004) (Sigler II) as controlling. Sigler and Michelson were accomplices in the underlying escape. Michelson was the driver and Sigler was the passenger in the vehicle that ran the stop sign and ultimately resulted in the tragic and senseless loss of life. A jury convicted Sigler of second-degree murder and, in the original Sigler opinion, this court reversed the second-degree murder conviction and remanded the case back to the trial court with direction to enter a judgment for third-degree felony murder as a lesser included offense of that charged in the indictment. See Sigler v. State, 805 So.2d 32 (Fla. 4th DCA 2001), review denied, 823 So.2d 126 (Fla.2002).
Thereafter, Sigler appealed his conviction for third-degree murder and in Sigler II this court found that third-degree felony murder was not a lesser included offense of second-degree murder, and thus, a defendant convicted of second-degree murder following a jury trial could not have his conviction reduced on appeal to third-degree felony murder. A judgment of conviction for third-degree felony murder requires a determination by the jury that the additional element of an underlying felony has been proven, but the Sigler jury's verdict did not include a determination of guilt beyond a reasonable doubt as to that element. In the instant case, as in Sigler II, the jury never found the existence of an underlying felony, presumably because they found Michelson guilty of second-degree murder, which did not require the existence of an underlying felony as an element of the offense. We do not know and cannot speculate on whether the jury also believed that the State had proven the existence of an underlying felony beyond a reasonable doubt because the verdict returned by the jury did not require that determination.
Appellant argues that section 924.34, Florida Statutes (1997), is unconstitutional because it contains no due process safeguards to preserve the sanctity of appellant's right to jury trial. Section 924.34, Florida Statutes (1997), states:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty, but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
If it is reasonably possible to do so, a court is obligated to interpret statutes in such a manner as to uphold their constitutionality. Capital City Country Club, Inc. v. Tucker, 613 So.2d 448 (Fla.1993) (citing State v. Gale Distribs., Inc., 349 So.2d 150 (Fla. 1977)). Although we agree it is impermissible for an appellate court to remand for entry of a judgment of conviction for a *893 lesser-included offense or for a lesser degree of offense for which a jury has not found all essential elements, we find no constitutional prohibition against remand for conviction for a lesser degree or lesser included offense where the jury has specifically found the existence of all elements of the offense and where the error causing remand does not disturb those findings.
We previously found that the jury's conviction for second-degree murder had to be reversed because the record failed to establish ill will, hatred, spite, or evil intent. We did not take issue with the remaining elements of the second-degree murder conviction found to exist by the jury. Specifically, those remaining elements are:
1. The victim is dead.
2. The death was caused by the criminal act of the defendant.
3. The act was imminently dangerous to another.
4. A person of ordinary judgment would know his action is reasonably certain to kill or do serious bodily injury to another.
5. The act is of such a nature that the act itself indicates an indifference to human life.
These jury findings remain intact and untouched by the appellate process. Further, these findings are consistent with the necessary elements for a judgment of conviction for manslaughter by culpable negligence.
The elements necessary for a judgment of conviction for manslaughter by culpable negligence are as follows:
1. The victim is dead.
2. The death was caused by the culpable negligence of the defendant.
The jury instruction goes on to define culpable negligence as follows:
In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Fla. Std. Jury Instr. (Crim.) Manslaughter.
Although the language used to define the last element in the two separate offenses is not identical, the relevant terms used are synonymous. Consequently, the jury's findings do support a judgment of conviction for the offense of manslaughter by culpable negligence and ordinarily, under these circumstances, it would not be improper for this court to remand this case back to the trial court for entry of such a judgment.
However, the factual scenario here contains one additional twist. In the instant case, unlike Sigler II, Michelson was also convicted of vehicular homicide. A single death, no matter how tragic, cannot support convictions for both manslaughter and vehicular homicide. See State v. Chapman, 625 So.2d 838 (Fla.1993). Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes. *894 See Houser v. State, 474 So.2d 1193, 1197 (Fla.1985); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981). Consequently, Michelson cannot be convicted of both manslaughter by culpable negligence and vehicular homicide.
The record before the court is unclear as to the offense for which Michelson was previously sentenced. The sentencing order simply states that the vehicular homicide conviction was merged for purposes of sentencing. It is unclear whether Michelson was actually sentenced on the vehicular homicide offense or on the third-degree murder; however, it is clear that the conviction and sentence can stand for only one offense. If the trial judge has not sentenced on the vehicular homicide, he will have the option of conviction and sentence on that offense, or alternatively, on the offense of manslaughter by culpable negligence, but not both. We, therefore, reverse the conviction for third-degree murder and remand to the trial court. If the trial court has already convicted and sentenced on the vehicular homicide offense, that conviction and sentence will stand and preclude the conviction and imposition of sentence on the charge of manslaughter by culpable negligence. However, if the appellant was previously sentenced for third-degree murder and not vehicular homicide, then the trial judge has discretion to convict and impose sentence on either vehicular homicide or manslaughter by culpable negligence.
REVERSED AND REMANDED.
HAZOURI and MAY, JJ., concur.