927 So.2d 1049 (2006)
Ronald FESTA, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-279.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*1050 Garrett Elsinger, Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for respondent.
FARMER, J.
Defendant petitions for a writ of prohibition against being retried on a charge of child abuse, arguing that his exoneration on appeal from an earlier conviction bars any further trial. We agree, grant the writ and discharge him. In so doing, we find prohibition a proper remedy to assert a right against double jeopardy and conclude that we are not bound by the direction in the former appeal to the effect that any retrial would be limited to the charge of child abuse.
Defendant and a co-defendant were charged with aggravated child abuse. § 827.03(2)(b), Fla. Stat. (2005). This statute makes it a first degree felony to "[w]illfully torture[], maliciously punish[], or willfully and unlawfully cage[] a child." Id. At the jury trial, neither side asked to have the jury instructed on any lesser included offense. Both were found guilty as charged.
On appeal we held that the trial court erred in denying defendant's motion for judgment of acquittal because there was insufficient evidence as a matter of law to support his conviction for aggravated child abuse, charged and tried solely under the malicious punishment alternative. We also held that the court erred in prohibiting defendant from discovering records relevant to his defense. We remanded with instructions that  because the evidence was not sufficient to support the charge of aggravated child abuse  at any retrial defendant could be tried for no offense other than simple child abuse. Festa v. State, 901 So.2d 1026 (Fla. 4th DCA 2005).
On remand the State filed a new information based on the same incident, this time charging defendant with simple child abuse. § 827.03(1)(b), Fla. Stat. (2005) (third degree felony to do "[a]n intentional act that could reasonably be expected to result in physical or mental injury to a child"). Defendant moved to dismiss and argued that at the previous trial he did not request any instruction on a lesser included offense, electing the all-or-nothing strategy in hopes of an acquittal. The record shows that the State did not object to defendant's request that no lesser included offenses be submitted to the jury.[1] There are no category 1, necessarily lesser included offenses to aggravated child abuse. See Fla. Std. Jury Instr. (Crim.) 16.1, Aggravated Child Abuse (simple child abuse is a permissive, category 2, lesser included offense). Moreover the State did not request an instruction as to the permissive, category 2, lesser included offense of simple child abuse.
Defendant sought dismissal of the charge of simple child abuse as a "related offense" under rule 3.151 because a retrial would subject him to double jeopardy.[2] He argued that when no lesser included *1051 offenses are submitted to the jury for determination in a previous trial resulting in a conviction on the principal charge, the accused cannot then be retried on any lesser included offense when the conviction is reversed because of the insufficiency of the evidence. See Webster v. State, 549 So.2d 784, 785 (Fla. 4th DCA 1989) (holding that defendant could not be retried on same charge or "any lesser included offenses if jury was not charged []on those lesser included offenses"). The State argued that at the previous trial it was "precluded" from a jury instruction on child abuse because it was not a category 1, lesser included offense.[3] Defendant replied that the rule makes all permissive, category 2, lesser included offenses "related offenses" as well.[4]
We find the answer to these arguments primarily in two supreme court decisions. In State v. Johnson, 601 So.2d 219 (Fla.1992), the court was asked to consider the following issue:
"Is the state entitled to have jury instructions given on Category 2 included lesser offenses, in addition to Category 1 necessarily included lesser offenses, in a case where the defendant requests that no such instructions be given and knowingly and intelligently waives his right to such instructions?"
601 So.2d at 219. In other words, the issue was whether the State may require an instruction on a category 2, permissive lesser included offense simply by asking for it. Answering the question in the affirmative, the court explained:
"We can think of no reason why the rule should be different depending on the nature of the lesser included offense. Providing the charging document and the evidence support the charge, the conviction of a permissive lesser included offense carries the same weight as a conviction of a necessarily included offense. Thus, we hold that the State has a right to insist on the giving of instructions on permissive lesser included offenses over the defendant's objection." [e.s.]
601 So.2d at 220. Hence the State is incorrect in arguing that it had no right to an instruction on the permissive lesser included offense of child abuse at the first trial. It did have the right under Johnson to request this category 2, lesser included, related offense instruction. Its election not to do so demonstrates that it, too, was employing the same all-or-nothing strategy asserted by defendant.
In State v. Gibson, 682 So.2d 545, 546 (Fla.1996), the court held that "lesser offenses not presented to the original jury cannot be prosecuted by the State after a conviction has been vacated" on appeal. In that case the appellate reversal was not *1052 based on the insufficiency of the evidence but instead because attempted felony murder "was no longer a crime in Florida." 682 So.2d at 546 (relying on State v. Gray, 654 So.2d 552 (Fla.1995)). The court noted that in State v. Wilson, 680 So.2d 411 (Fla.1996), it had held that when an attempted felony murder conviction is vacated the proper remedy is a retrial on any lesser included offense that was "instructed on at the original trial." [e.s.] 682 So.2d at 546. The court explained:
"We conclude that our use of the phrase `any lesser offense instructed on at trial' was meant to indicate that those lesser offenses not instructed at trial could not be retried. We reaffirm that statement from Wilson and hold that lesser offenses not presented to the original jury cannot be prosecuted by the State after a conviction has been vacated on the authority of Gray." [e.s.]
Id. The court made clear that its holding was "dictated" by rule 3.151(c), whose purpose was to protect defendants from multiple prosecutions arising from the same conduct. 682 So.2d at 546-47. Therefore the rule applicable to this case is: "those lesser offenses not instructed at trial cannot be retried." Because simple child abuse was not submitted to the jury at the previous trial, it follows that defendant cannot now be forced to stand trial on that charge. Both sides went for all or nothing. One of them, the State, is left with nothing.[5]
Writ Granted; Charge Dismissed; Defendant Discharged.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] See Gallo v. State, 491 So.2d 541, 543 (Fla. 1986) (holding that "for the waiver of lesser included offense instructions to be effective, the state had to consent to the waiver"), receded from on other grounds in Gould v. State, 577 So.2d 1302 (Fla.1991) (holding that Gallo could not be interpreted to mean that all "permissive lesser-included offenses are necessarily included lesser offenses").
[2] See Fla. R. Crim. P. 3.151(c) (Dismissal of Related Offenses after Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.).
[3] The State also argued that because our reversal was not based solely on the insufficiency of the evidence defendant cannot claim double jeopardy. Here the State argues that a reversal on dual grounds  one for denying defendant access to evidence and the other for insufficiency of the State's evidence  should not be deemed a reversal for insufficiency of the evidence. We reject this contention without further comment. We also reject the State's argument that our remand instruction in the previous appeal limiting any trial to simple child abuse precludes, on law of the case grounds, the double jeopardy argument now being made. See Sigler v. State, 881 So.2d 14, 17 (Fla. 4th DCA 2004) (illegal conviction well within the concept of exceptional circumstances and manifest injustice to require relaxation of law of case).
[4] See Fla. R. Crim. P. 3.151(a) (Related Offenses. For purposes of these rules, 2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions.).
[5] On the co-defendant's appeal, another panel held that the evidence was not sufficient to support the charge and reversed. Brumit v. State, 843 So.2d 978 (Fla. 4th DCA 2003). Unlike the present case, however, that panel directed the trial court to enter judgment on the lesser included offense of child abuse, relying on a statute. See § 924.34, Fla. Stat. (2005) ("When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense."). In Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004), we held under similar circumstances that section 924.34 is no longer valid when a factual issue critical to the lesser included offense was not itself submitted to the jury at trial. Because we have no way of knowing from the record in this case whether the co-defendant also waived all instruction on lesser included offenses, we express no opinion as to whether, because of our disposition in this case, the outcome in the co-defendant's case should be changed.