939 So.2d 263 (2006)
JOHN H. YOUNG, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D06-1644, No. 4D06-2885.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
John H. Young, Bushnell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant seeks review of the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The issue he has raised  that the wrong scoresheet was used at resentencing  is identical to one he raised in a prior rule 3.800(a) motion, which was denied on the merits and affirmed without opinion by this court. Because the procedural bar would result in a manifest injustice, we reverse and remand.
In 1998, the appellant was sentenced to forty-five years in prison after violating probation on an original conviction of second degree murder. He claims that the wrong scoresheet was used to resentence him on his probation violation. Specifically, he claims he was resentenced in the permitted sentencing range, which was non-existent at the time of his initial offense in 1986, and that the maximum sentence he could have received under the correct scoresheet was forty years. Thus, his challenge is that his scoresheet was incorrect, not that his sentence was illegal. The lower court denied the motion as successive, stating that appellant had been before the court on the very same issue, and that the court's previous rejection of appellant's claim had been subject to appellate review. See Young v. State, 901 So. 2d 139 (Fla. 4th DCA 2005). Use of the wrong scoresheet, however, is a valid ground for relief under Rule 3.800(a) as it is akin to an incorrect scoresheet calculation. See Parks v. State, 697 So. 2d 964 (Fla. 1st DCA 1997). Here, it appears that the wrong scoresheet was used, and that the sentence imposed was beyond the recommended sentence range of the correct scoresheet. The appellant is entitled to be resentenced under the correct scoresheet.
We recognize the law of the case doctrine; however, we rely on the equally known principle that appellate courts have the power to reconsider and correct erroneous rulings where reliance on a previous decision would result in manifest injustice. See Zolache v. State, 687 So. 2d 298 (Fla. 4th DCA 1997). Such an exceptional circumstance appears to exist here, where use of the wrong scoresheet resulted in an unauthorized departure from the sentencing guidelines in effect at the time of the original offense.
The prior case was affirmed per curiam. The state's response indicates that the original and resentencing scoresheets were not included in the record. Therefore, the court could have affirmed because of the failure of the record to reflect the contended error. That defect has been cured in this appeal. In accordance with the foregoing, we reverse and remand for further proceedings on the claim.
In a separate appeal (case number 06-2885), appellant seeks review of the trial court's order prohibiting him from filing any further pro se pleadings, motions or petitions. That order is based, in part, on appellant's repeated filing of the above 3.800(a) claim, which we believe to be meritorious. We sua sponte consolidate the two appeals and direct that on remand the trial court should revisit the matter of appellant's further pro se filings.
WARNER, GROSS and HAZOURI, JJ., concur.
Not final until disposition of timely filed motion for rehearing.