971 So.2d 205 (2007)
Jody BRUMIT, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-4999.
District Court of Appeal of Florida, Fourth District.
December 31, 2007.
Jason T. Forman of Law Offices of Jason T. Foreman, P.A., Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Jody Brumit (Defendant) appealed an order summarily denying her motion to vacate sentence, filed pursuant to rule 3.800(a) and/or rule 3.850, Florida Rules of Criminal Procedure, and the order denying her motion for rehearing. Her motion actually challenged her conviction, rather than her sentence. Although she was out of time to appeal her conviction or to file a timely rule 3.850 motion, her ground was that she should be treated the same as her similarly situated co-defendant. This court redesignated the case as a petition *206 for writ of habeas corpus, treated her initial brief as the petition, and issued an order to show cause. We now grant the petition.
Defendant was charged, along with co-defendant Ronald Festa (Festa), with one count of aggravated child abuse in violation of section 827.03(2)(b), alleged to have occurred on June 18, 2000. At their jury trial, neither side asked to have the jury instructed on any lesser included offenses, and the jury was instructed to find the defendants either guilty of aggravated child abuse as charged, or not guilty. Both were found guilty as charged.
This court reversed Defendant's direct appeal, finding the trial court erred in denying her motion for judgment of acquittal because there was insufficient evidence as a matter of law to support her conviction for aggravated child abuse. It directed the trial court on remand to enter judgment for child abuse under section 827.03(1). Brumit v. State, 843 So.2d 978 (Fla. 4th DCA 2003). On June 13, 2003, the trial court vacated the prior judgment and sentence, and resentenced Defendant to four years of probation for the offense of child abuse. No direct appeal was taken from the new conviction and sentence, and Defendant's probation was terminated by order dated December 14, 2005.
Festa raised the same issue on direct appeal, as well as whether the trial court's errorin precluding him from discovering the victim's medical and mental health records and introducing testimony about the victim's propensity for violenceprevented him from confronting the victim and presenting his only defense. This court found Festa's appeal meritorious on both points. It reversed and remanded for a new trial because of the discovery error, but it held that he could be retried for no more than child abuse because, as this court already had found in Defendant's appeal, the evidence was insufficient for the charge of aggravated child abuse. Festa v. State, 901 So.2d 1026 (Fla. 4th DCA 2005) (Festa I).
On remand, the state charged Festa with child abuse and he moved to dismiss, explaining that the permissive lesser offense of child abuse was not submitted to the jury at his trial, because neither he nor the state requested instruction on a lesser included offense; he had elected the "all or nothing" strategy in hopes of an acquittal. In light of the fact that the jury was not instructed on the lesser included offense of child abuse, he argued that the state was now precluded from trying him for that related offense pursuant to Florida Rule of Criminal Procedure 3.151. The trial court denied the motion to dismiss, Festa filed a petition for writ of prohibition in this court, and this court granted the petition, holding that, because the jury was not instructed on the lesser included offense of simple child abuse at the original trial, retrying him for simple child abuse would violate his right to be protected from double jeopardy. Festa v. State, 927 So.2d 1049 (Fla. 4th DCA 2006) (Festa II).
In the opinion granting the petition, this court addressed Defendant's case in a footnote that reads as follows:
On the co-defendant's appeal, another panel held that the evidence was not sufficient to support the charge and reversed. Brumit v. State, 843 So.2d 978 (Fla. 4th DCA 2003). Unlike the present case, however, that panel directed the trial court to enter judgment on the lesser included offense of child abuse, relying on a statute. See § 924.34, Fla. Stat. (2005) ("When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily *207 included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense."). In Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004), we held under similar circumstances that section 924.34 is no longer valid when a factual issue critical to the lesser included offense was not itself submitted to the jury at trial. Because we have no way of knowing from the record in this case whether the co-defendant also waived all instruction on lesser included offenses, we express no opinion as to whether, because of our disposition in this case, the outcome in the co-defendant's case should be changed.
Id. at 1052 n. 5 (emphasis added).
Based on the emphasized language above, Defendant sought collateral relief in her own case, and this case originated as an appeal from the trial court's denial of that relief. She argues that the "manifest injustice" doctrine should overcome the law of the case presented by this court's prior opinion in her direct appeal, Zolache v. State, 687 So.2d 298 (Fla. 4th DCA 1997); Line v. State, 722 So.2d 853 (Fla. 4th DCA 1998); Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004), aff'd, 967 So.2d 835 (Fla.2007); Young v. State, 939 So.2d 263 (Fla. 4th DCA 2006), and she asserts entitlement to the same relief provided to her co-defendant, Festa, Laster v. State, 739 So.2d 150 (Fla. 1st DCA 1999) (holding that defendant was entitled to same relief on double jeopardy claim as that obtained by co-defendant who was jointly tried with defendant, though before a different jury).
Habeas corpus filed in the appellate court is the proper method for seeking relief when co-defendants' appeals on the same issue are resolved differently. See, e.g., Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999); Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994); Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), disagreed with on other grounds by Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006), rev. granted, 956 So.2d 455 (Fla. 2007).
The state concedes that the manifest injustice doctrine may apply to Defendant, who is similarly situated to Festa; its only argument to the contrary arises in the event the supreme court were to uphold the application of section 924.34, Florida Statutes.
Section 924.34 provides as follows:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
While this case was pending, the supreme court issued an opinion affirming this court's opinion in Sigler. Sigler arose on direct appeal from a conviction for a lesser offense, entered in accordance with this court's mandate from a prior appeal. There, this court considered, as a matter of grace, defendant's argument that his conviction for third-degree felony murder as a lesser-included offense of second-degree murder was illegal, despite the contention that this court's prior conclusion that the conviction was proper was the law of the case. The allegation of an illegal conviction was an exceptional circumstance warranting relaxation of the law of the case doctrine. 881 So.2d at 17. In State v. Sigler, 967 So.2d 835 (Fla.2007), the supreme court affirmed, holding that section *208 924.34, Florida Statutes, is unconstitutional to the extent it can be read to allow the appellate court to direct entry of judgment for a lesser included offense if not all the elements of the lesser have been found by a jury beyond a reasonable doubt.
That is the case here. Child abuse[1] is a permissive, category 2, lesser included offense of aggravated child abuse.[2]Festa II, 927 So.2d at 1050 (citing Fla. Std. Jury Instr. (Crim.) 16.1). By definition, a permissive lesser included offense contains at least one statutory element that is not included in the greater offense. Carrin v. State, 875 So.2d 719, 722 (Fla. 1st DCA 2004) (citing Nurse v. State, 658 So.2d 1074, 1077 (Fla. 3d DCA 1995)). The previous jury determination that Defendant was guilty of aggravated child abuse, i.e., that she "maliciously punished" the child, cannot be deemed to include a jury finding that she was guilty of every element of the permissive lesser included offense of child abuse. State v. Sigler, 967 So.2d at 839 (citing Sigler v. State, 881 So.2d 14, 20 (Fla. 4th DCA 2004) (citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004))).
Accordingly, we grant the petition and direct the trial court to vacate Defendant's conviction.
GUNTHER, POLEN and GROSS, JJ., concur.
NOTES
[1] The jury instruction for child abuse under section 837.03(1), Florida Statutes (1999), is as follows:

To prove the crime of Child Abuse, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant)
Give as applicable
a. intentionally inflicted physical or mental injury upon (victim)
b. committed an intentional act that could reasonably be expected to result in physical or mental injury to (victim)
c. actively encouraged another person to commit an act that resulted in or could reasonably have been expected to result in physical or mental injury to (victim).
2. (Victim) was under the age of 18 years.
Fla. Std. Jury Instr. (Crim.) 16.3.
[2] The jury instruction for aggravated child abuse under section 827.03(2), Florida Statutes (1999), is as follows:

To prove the crime of aggravated child abuse, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant)
Give as applicable
a. committed aggravated battery upon (victim)
b. willfully tortured (victim)
c. maliciously punished (victim)
d. willfully and unlawfully caged (victim)
e. knowingly or willfully committed child abuse upon (victim) and in so doing caused great bodily harm, permanent disability, or permanent disfigurement.
2. (Victim) was under the age of 18 years.
Fla. Std. Jury Instr. (Crim.) 16.1.
In the instant case, the jury was asked to find Defendant (and Festa) guilty of aggravated child abuse only if it found they maliciously punished the child.